Will **ROBINSON**, Appellant,

v.

**INLAND STEEL COMPANY** et al.,
Appellees.

Court of Appeals of Kentucky.

Feb. 24, 1961.

C. W. Napier, Hazard, for appellant.

Howard & Francis, Fred G. Francis, Prestonsburg, for appellees.

STEWART, Judge.

■ This is an appeal from a judgment which affirmed an order of the Workmen's Compensation Board denying Will Robinson compensation benefits. As will be seen this is a fact case and the rule is in such a case that the reviewing court may inquire into the record only for the purpose of determining whether there is any substantial evidence to support the Board's findings of fact. Hundreds of cases holding to this effect are compiled in the Kentucky Digest under "Workmen's Compensation," ⚷ 1939.

Appellant, a 51-year-old manual laborer, testified he was undertaking to lift a heavy

steel rail in the coal mine of the Inland Steel Company, his employer, when he felt something give away in his back and tear loose in the lower right part of his abdomen; that he received this injury on October 25, 1956; that he told his fellow employees about his accident at the time it occurred; that he told his foreman the next day what had happened; and that he notified his new foreman about his mishap when the latter came to work in the mine a week or two later.

Appellant finished his job on that day and continued working, without the appearance of having any disability, for 182 days, until he was laid off due to a reduction in working force in January, 1957. He did not try to obtain medical treatment at the time of the alleged injury. After his layoff, he was examined by the company doctor and was treated for a pain in the lower right abdomen. However, appellant gave no indication to this doctor that he had received an injury in the mine.

Appellant drew unemployment compensation for several weeks early in 1957 and, to do so, had to state that he was able to work. He secured employment in another mine but had to quit because of his disabled condition. In July, 1957, he went to the Miner's Hospital at Fleming for an examination. It was found he had a ruptured disc in his vertebral column and a right indirect inguinal hernia.

His application for compensation was filed August 14, 1957. Inland Steel Company asserts the filing of this application was its first notice that appellant claimed to have had an accident or an injury while in its employ. The company doctors testified they were never informed of any accident or injury happening to him; the foreman of appellant's and his fellow employees deny they were told of any such occurrences.

Prior to the time he received his supposed accident and injury, namely, on April 3, 1956, Doctor William W. Scoggins examined appellant and found a right inguinal hernia in his abdominal region. He testified this hernia was of several years' duration and he approved appellant for work after he told him it had never given him any trouble. Doctor J. W. Bailey, a former doctor of Inland Steel Company, testified that on December 21st and 24th, 1956, he treated appellant for pain in the lower lumbar region of the back. He said appellant was a patient of his again in January, 1957, at which time he made no complaint concerning his back. About the only witness who stated positively he was injured by an accident on October 25, 1956, was appellant himself.

 The Board found appellant did not establish by substantial evidence that he had received an injury by an accident which arose out of and in the course of his employment by Inland Steel Company. As this finding is amply sustained by the evidence introduced it is binding upon us.

Wherefore, the judgment is affirmed.