SIMMONS BROTHERS PAVING COMPANY, Appellant,

v.

James C. PRESLEY et al., Appellees.

Court of Appeals of Kentucky.

Oct. 1, 1965.

Rehearing Denied May 13, 1966.

William Lehnig, Louisville, for appellant.

Strother Kiser, Lexington, for appellees.

HILL, Judge.

This is an appeal from a judgment affirming an award by the Workmen's Compensation Board finding appellee, James C. Presley, to be totally and permanently disabled. The single question involved is whether the award is supported by substantial evidence.

After driving a truck for a few weeks for appellant, the appellee, James C. Presley, age 39 a veteran of the Army Air Corps, slipped and struck his back against the iron side of his truck, causing injuries necessitating little less than three months'

treatment. Prior to the injury he was strong and able, but with limited education. On June 27, 1963, the date of injury, he was hauling asphalt and was required to assist in loading and unloading. His work history was one of hard manual labor. Some time after his release by the doctor he took a job assisting in the installation of floor furnaces for subcontractor of Sears Roebuck & Co.

In our quest for evidence of probative value we find the following testimony of Dr. David B. Stephens:

"Q. 22. At any time during his treatment, doctor, by you or up until the time that you released him, did you ever consider him in condition to return to work and resume the type of work that he was doing when he was injured that consisted of extreme strain on the back?

"A. No, sir, I did not."

Again on February 28, 1964, Dr. Stephens testified as follows:

"Q. 5. You have been treating Mr. Presley since what date, Dr. Stevens?

"A. We first saw this patient on July 6th, 1963."

"Q. 7. Based on your recent examinations, Doctor, what is your opinion as to his ability as of right now, or as of the date of your last examination three days ago, to perform hard labor involving lifting and straining?

"A. I would say that my opinion is unchanged from what I previously stated in regard to him and his ability to perform heavy manual labor.

"Q. 8. That he is unable to do it as of now?

"A. Yes, sir.

"Q. 9. Doctor, I know that this is asking a whole lot of a doctor to ask him more or less to look into a crystal ball and see what the future holds; but based on your examination and treatment of this man, what would be your best judgment as to the future and this man's ability in the future to perform hard manual labor involving lifting and straining?

"A. I do not think he will be able to do that type of work in the foreseeable future. It is my opinion that perhaps he will eventually, but I think it will be some time before he will be able to do such activities.

"Q. 10. Just in your judgment would you put some figures on that 'some time in the future' as to what you mean by that, some approximate time?

"A. Oh, I would say it will be several years."

Dr. Stevens also testified appellee had a ten percent impairment to the body as a whole. His testimony as a whole, however, is substantial, and of such probative quality, we think, to meet the test required in our previous opinions to support an award. Cf. E. & L. Transport Co. v. Hayes, Ky., 341 S.W.2d 240, 84 A.L.R.2d 1102 (1960) cited by appellant.

The judgment is affirmed.