**LEXINGTON CARTAGE COMPANY,**
a Corporation, Appellant,

v.

**Charles WILLIAMS and the Workmen's
Compensation Board, Appellees.**

Court of Appeals of Kentucky.

Oct. 21, 1966.

C. W. Swinford, Stoll, Keenon & Park, Lexington, for appellant.

Weldon Shouse, Shouse, Barker & King, Lexington, for appellees.

WADDILL, Commissioner.

Appellee, Charles Williams, 37 years of age, has had a history of limited mental capacity since birth. In 1962 he received a blow to his head arising out of and in the course of his employment with appellant, Lexington Cartage Company, for whom he had worked five and one-half years. Subsequently the parties agreed to an award under the Workmen's Compensation Act based on 10% permanent partial disability and this was approved by the Workmen's Compensation Board.

In 1965 appellee was unable to perform any work and his mental condition had so deteriorated that he was placed in the Eastern State Hospital. A motion to reopen the workmen's compensation award was filed on his behalf alleging a change of condition in that he had become totally and permanently disabled. KRS 342.125(1).

Medical evidence was introduced on behalf of appellee. No evidence was offered by appellant. The board overruled the motion to reopen and an appeal was taken to the Fayette Circuit Court. The circuit judge rendered an opinion wherein he observed that the board apparently recognized

a change of condition but refused to reopen the award because the medical evidence did not positively establish that appellee's worsened condition was due to his work-connected injury. Relying upon recent opinions of this Court the circuit judge concluded the board erred in requiring unequivocal evidence as to causation and, therefore, its conclusion was not justified by the evidence. The board's order was set aside and the cause remanded for. the entry of an appropriate award. This appeal ensued.

■ Under our Workmen's Compensation Act the board is the sole finder of fact and the circuit judge may not substitute his opinion for that of the board on the weight of the evidence. KRS 342.285(3). However, if the board's finding is not substantiated by evidence of probative value then its finding and the award based on it must be set aside on appeal and the cause remanded to the board for a proper determination. Sullivan v. Foster & Creighton Co., Ky., 394 S.W.2d 917; Grimes v. Goodlett and Adams, Ky., 345 S.W.2d 47. Consequently, we review the evidence to determine whether the board's finding against appellee Williams was unreasonable.

Doctor Harvey Chenault, a neurologist, had treated appellee after he received the blow to his head. He testified that in 1963 he had performed a pneumoencephalogram upon appellee which disclosed atrophy of the cortex of the brain and was of the opinion that this was due to a head injury. He testified appellee's condition had since worsened and that he was now totally disabled as a result of his injury. On cross-examination he acknowledged that appellee has a history of mental limitation and his present condition could have resulted without any injury. Nevertheless, Doctor Chenault opined that. in view of the stability of appellee's intellectual state over the period he was employed by appellant, his present accelerated rate of deterioration would not have occurred without some unusual cause.

The staff psychiatrist at Eastern State Hospital, Doctor A. L. Robertshaw, testified that appellee had undergone a complete personality. change and that it was probable his injury was the basis of it. On cross-examination he stated he could not say the blow to the head was the sole cause of appellee's present condition.

Doctor John Rompf, a psychiatrist who examined appellee after the award for partial disability, stated that appellee's present condition of disability was due to a combination of his pre-existing mental condition and his head injury. Doctor Rompf conceded that other factors could also have precipitated appellee's present condition.

In summary we have three qualified expert witnesses who consider the 1962 injury to appellee to be the probable cause of his present disability but who acknowledge the possibility of other causative factors.

■ In Grimes v. Goodlett and Adams, Ky., 345 S.W.2d 47, we recognized that expert medical witnesses often find it impossible to state a medical cause of a disability with absolute certainty. We concluded that " * * * The facts or hypothesis on which the professional witness testifies need not be conclusive. They are sufficient if in his opinion they indicate the cause within reasonable probability." See also Lewis v. United States Steel Corp., Ky., 398 S.W.2d 490.

■ In the instant case the medical experts were agreed that the injury to appellee's head probably caused his presently disabled condition. Therefore the mere possibility of other causes does not permit a contrary finding. Ed Hall Drilling Co. v. Profitt, Ky., (Decided October 14, 1966); Terry v. Associated Stone Co., Ky., 334 S.W.2d 926. Hence the board was bound to find that at least a partial causal relationship was established.

The judgment is affirmed.