**MIAMI OIL PRODUCERS, INC.,**
**Appellant,**

**v.**

**Alvin GILLUM and Workmen's Compensation Board, Appellees.**

Court of Appeals of Kentucky.

June 2, 1967.

Rehearing Denied Oct. 13, 1967.

---

W. H. Dysard, Dysard, Johnson & Welch, Ashland, W. A. Johnson, Paintsville, for appellant.

Jack L. Lewis, W. B. Hazelrigg, Paintsville, for appellees.

CULLEN, Commissioner.

Appellee Alvin Gillum, alleging that he had sustained a back injury while working for Appellant Miami Oil Producers, Inc., filed a claim for workmen's compensation.

The Workmen's Compensation Board denied the claim. However, on Gillum's appeal to the circuit court judgment was entered setting aside the order of the board and remanding the case to the board with directions that an award be made for total permanent disability plus all related benefits. Miami Oil Producers has appealed from that judgment.

The opinion and order of the Workmen's Compensation Board stated that the questions presented for determination were (1) whether "the plaintiff sustained an injury as claimed," and (2) if so, the nature and extent of the disability resulting. The board then proceeded to dispose of the case by answering the first question in the negative, finding that "the occurrence of the disabling incident claimed by the Plaintiff has not been established by the inclusion of adequate proof."

This disposition of the case by the board is somewhat surprising in view of the fact that at the outset of the hearings on the claim the parties *stipulated* that "on said date the plaintiff received an injury by accident arising out of and in the course of his employment with the defendant." We conceive that the stipulation settled the question of whether "the plaintiff sustained an injury," leaving for consideration by the board only the question of the nature and extent of disability attributable to the injury. Accordingly, we think the circuit court properly set aside the order of the board. However, for reasons hereinafter stated, it is our opinion that the court erred in directing that the board make an award for total permanent disability.

One doctor testified that, assuming from purely subjective symptoms that Gillum had a herniated disc, his disability was no more than 30 percent. Another doctor testified that Gillum had a congenital condition known as spondylolisthesis and there was no evidence of traumatic injury. Obviously, in view of this testimony, there was an issue of fact for the board to decide as to how much disability Gillum sustained

attributable to the "injury" which the parties stipulated he had received. The circuit court could not properly decide that issue of fact. See Columbus Mining Company v. Pelfrey, Ky., 237 S.W.2d 847; Tyler-Couch Construction Company v. Elmore, Ky., 264 S.W.2d 56. The court should have remanded the case with directions to the board to decide the issue of fact.

To the extent that the judgment sets aside the order of the Workmen's Compensation Board it is affirmed; to the extent that it directs what award the board shall make it is reversed, with directions to enter a judgment remanding the case to the board for a determination of the nature and extent of disability attributable to the stipulated injury.

All concur.