SIMMONS BROTHERS PAVING COM-PANY, Appellant,

v.

James C. PRESLEY et al., Appellees.

Court of Appeals of Kentucky.

June 2, 1967.

Rehearing Denied Nov. 3, 1967.

William Lehnig, Louisville, for appellant.

Strother Kiser, Lexington, for appellees.

PALMORE, JUDGE.

The appellee James C. Presley was awarded workmen's compensation for permanent total disability resulting from an injury sustained on June 27, 1963. See Simmons Brothers Paving Company v. Presley, Ky., 401 S.W.2d 764 (rehearing denied May 13, 1966). On May 27, 1966, counsel for the employer's insurer moved the Workmen's Compensation Board for an order transferring liability to the Special Fund. The motion was overruled, and the matter comes before this court on an appeal from a judgment of the circuit court sustaining the board's action.

The transfer of liability was requested on the basis of KRS 342.120 (5), which had been repealed in 1964. It provided, in substance, that upon motion, "and it appearing to the board that a claimant who has been awarded compensation * * * becomes re-employed or continues in his employment in which he was injured" at wages equal to or greater than what he was receiving at the time of the injury, the unpaid portion of the award accruing during the period of such employment shall be paid by the Subsequent Claim Fund. The concluding sentence of the subsection was as follows.

"This subsection shall affect all unpaid workmen's compensation benefits and shall be applicable to all cases presently pending before the board."

The motion was overruled by the board for the express reason that it was not accompanied by an adequate showing of grounds. The circuit court agreed, holding that there had been no abuse of discretion. However, we need not reach that question, because it is our opinion that upon the repeal of KRS 342.120 (5) the authority of the board to transfer liability as requested by the appellant ceased. The provision

that subsection (5) should apply to all cases then pending was, of course, repealed along with the rest of the subsection.

The judgment is affirmed.

All concur.