**MURRAY HOSPITAL ASSOCIATION, Inc.**
**(Succeeded by Murray-Calloway County Hospital), Appellant,**

**v.**

**Elaine B. HARVEY et al., Appellees.**

Court of Appeals of Kentucky.

June 16, 1967.

Rehearing Denied Nov. 3, 1967.

George E. Overbey, William Donald Overbey, Overbey & Overbey, Murray, for appellant.

J. Keller Whitaker, Director, Workmen's Compensation Board, Martin Glazer, Department of Labor, Frankfort, Nat Ryan Hughes, Hughes & Gregory, Murray, for appellees.

STEINFELD, Judge.

Elaine B. Harvey was a nurse working for the Murray Hospital Association, Inc.,

at Murray, Kentucky. On February 19, 1963, she was injured while performing her nursing duties in the hospital. Several months later she made demand upon her employer for benefits under the Workmen's Compensation Act, under which Act the hospital was operating. There is agreement as to the amount of her wages, and it is conceded that they were sufficient for maximum benefits if she was entitled to recover. There seem to be only two areas of controversy remaining. They are: (1) The extent of disability and (2) the specific responsibilities of the employer to assume and discharge medical, hospital and travel expenses of the claimant.

The claim was contested before the Workmen's Compensation Board and the Calloway Circuit Court. On February 14, 1966, acting under previous directions given to it by that court, the Board wrote an opinion, made findings of fact and entered an order, the substance of which was that Elaine B. Harvey shall recover from the Murray Hospital Association, Inc., and its insurance carrier $38.00 per week beginning December 10, 1963, to and including March 15, 1964, for a period of 13⅝ weeks and thereafter beginning March 16, 1964, the sum of $3.30 per week for a period of 386⅔ weeks, with the latter payments of $3.30 per week being accelerated to $16.00 per week. It allowed her interest on the past due and unpaid payments. The Board also awarded her certain medical expenses but disallowed certain other medical expenses for which she made claim under KRS 342.020.

Mrs. Harvey filed a petition for reconsideration. Acting pursuant to KRS 342.-120(5) the employer moved the Board that the Subsequent Claim Fund (also called the Special Claim Fund) be required to pay " * * * the unpaid portion of the permanent partial disability award." It contended that the claimant had returned to her usual employment. On March 9, 1966, the Board overruled both the petition to recon-

sider and the motion. On March 16, 1966, the Board set aside that portion of the order of March 9, 1966, which overruled the motion to make the "Special Fund" a party and sustained the motion. It directed the fund to pay " * * * compensation for the period from May 16, 1964, to August 15, 1965." KRS 342.120(5).[1]

On March 16, 1966, Mrs. Harvey filed in the Calloway Circuit Court a "petition for appeal" from the order of March 9, 1966. She named the hospital and the Workmen's Compensation Board respectively as appellee and respondent. Neither the fund nor the commissioner of labor was named in that appeal. On the 26th day of March, 1966, the hospital moved the court to make the fund a party to the appeal under CR 19.01, claiming that the fund was a necessary and indispensable party. CR 12.02. Mrs. Harvey did not join in the motion to bring in the fund. Without waiving its motion that the fund be made a party, the hospital answered and put in issue the various contentions on which it relied. On March 31, 1966, Mrs. Harvey resisted the efforts of the hospital to bring in the fund and demanded that this motion be overruled. She contended that since her employer and the Board were named it was improper that the fund be brought into the case.

After considerable litigation the court entered judgment increasing the award made by the Board from 10% permanent partial disability to the body as a whole to 25% and directed that it be paid at $8.25 per week. It increased the award for medical expenses from $201.50 to $378.60. It dismissed the action as to the fund. The hospital has appealed.

At the time of the injury KRS 342.285 [3] (d) limited the circuit court in reviewing the action of the Board, to determining " * * * [i]f findings of fact are in issue, whether such findings of fact support the order, decision or award." With re-

---

1. KRS 342.120(5) was repealed 1964 c. 192.

spect to the injuries and disability Dr. Richard DeSaussure, who had performed the surgery, and attended Mrs. Harvey until her release was asked and testified as follows:

"39. You are familiar with her type of work as a Director of Nurses' Education in a general way?

A. In a general way, yes.

40. Doctor, what is your opinion as to her percent, if any, of permanent partial disability resulting from this injury and operation?

A. I thought she had about 10% permanent partial disability.

41. And that is to the body as a whole?

A. Why, yes, sir.

42. Doctor, if (strike that) I do inform you that it is in testimony by Mrs. Harvey that in May of this year she frequently played golf at the Country Club of Calloway County in Murray as many as 18 holes a day, walking all of the way and pulling a golf cart behind her.

Mr. Hughes: Objection. Mr. Overbey is not saying these things of his own knowledge.

Now then, would that influence you any in your decision as to the percent of disability Mrs. Harvey might have?

A. I think it would tend to confirm my opinion of 10% permanent partial disability.

43. Are you familiar in a general way with the game of golf?

A. Yes, sir.

44. And you do try to play?

A. Yes.

45. Dr. DeSaussure, if she had more than 10% permanent partial disability would it prevent her from playing golf without pain, in your opinion?

A. Well, it is difficult to say exactly, I think if she had much more disability than this it certainly would interfere with her game of golf.

46. So the fact that she has been able to play the game of golf since the surgery and stated that she did so without pain, would that substantiate, in your opinion, your evaluation of 10%?

A. Yes, sir.

47. Doctor, it is in testimony that Mrs. Harvey has worked as many as eight hours a day and as many as ten hours a day in May of this year. Would a person with 10% permanent partial disability the type that Mrs. Harvey you say may have, could she perform that type of work with more than 10% disability, in your opinion?

A. It would be uncomfortable for her and I doubt seriously if she would work more than a few hours if she had much more pain than that."

■ Even though the testimony of other capable physicians somewhat contradicted what was said by Dr. DeSaussure, the Board had a right to base its findings upon the latter doctor's estimate of disability and in Lexington Cartage Company v. Williams, Ky., 407 S.W.2d 395, we said: "Under our Workmen's Compensation Act the board is the sole finder of fact." The * * * "weight of evidence is traditionally and properly a function for the fact finder." Joseph v. Blue Diamond Coal Co., Ky., 408 S.W.2d 467. The circuit court may not substitute its opinion for that of the Board on the weight of the evidence. KRS 342.285(3). Lexington Cartage Co. v. Williams, Ky., 407 S.W.2d 395. Cabe v. Toler, Ky., 411 S.W.2d 41. The findings by the Board based upon substantive evidence of probative value were binding on the circuit court. Mengel Co. v. Lehman, Ky., 259 S.W.2d 19; Miami Oil Producers, Inc. v. Gilum et al., Ky., 418 S.W.2d 656 decided June 2, 1967. They will not be disturbed on

appeal. Jonas Miller & Sons v. Risner, Ky., 407 S.W.2d 125.

The Fund did not answer and did not appeal from the order of the Board of March 16, 1966, which found it liable for the payments for the period of May 16, 1964, to August 15, 1965. The court was correct in dismissing as to the Fund. There was nothing for it to adjudicate as to that period. Beth-Elkhorn Corp. et al v. Mc-Fall et al., Ky., 415 S.W.2d 857, decided June 9, 1967. The employer, in the proceedings before the Board, and later before the court, sought to litigate its contention that the Fund was obligated to pay an additional amount of the claim. It could not be sustained on that issue because KRS 342.120(5) had been repealed. Simmons Brothers Paving Company v. Presley et al., Ky., 419 S.W.2d 338, decided June 2, 1967.

Mrs. Harvey who resides in Murray, Kentucky, claimed for and produced evidence as to the following items of medical expenses: 5 trips to Memphis, Tennessee, 340 miles, 1,700 miles by automobile during the month of December, 1964 and the months of January, February and March, 1965. Two round trips to Nashville, Tennessee, for a total of 520 miles. For the miles that she traveled she claimed $0.08 each for $177.60. She demanded an allowance of her expenses for meals of $64.50; overnight lodging of $20.00; special duty nurses of $31.50 and an examination fee by Dr. Arnold Haber of $75.00 and Dr. Charles Clark of $14.00. These items made a grand total of $382.60. The Board awarded her $156.00 for traveling and lodging expenses incidental to her medical treatment in Memphis; $31.50 for the nursing expenses in connection with her operation and $14.00 for medical services for Dr. Charles Clark, a total of $201.50 but disallowed the remainder of the claim for the expenses. It found that the items which it disallowed were not incurred in medical treatment covered by KRS 342.020. That statute provided in part: " * * * the employer shall furnish for the cure and

relief from the effects of an injury or occupational disease, such medical, surgical and hospital treatment, including nursing, medical and surgical supplies and appliances, as may reasonably be required at the time of the injury and thereafter during disability, or as may be required for the cure and treatment of an occupational disease, but not exceeding a total expense to the employer of more than twenty-five hundred dollars."

When the appeal reached the circuit court it increased the amount to $378.60. We find that the Board based its ruling on sufficient evidence before it that the items which it disallowed were not covered by the statute. The court was in error in allowing these items of expense which were disallowed by the Board. Miami Oil Producers, Inc. v. Gillum supra.

The judgment is affirmed in part and is reversed in part for the entry of a judgment in conformity with this opinion.

All concur except OSBORNE, J., who was not sitting.