**Tom GRISSOM et al., d.b.a. Grissom-Rakestraw Lumber Company et al., Appellants,**

v.

**Roy WALTERS et al., Appellees.**

Court of Appeals of Kentucky.

Sept. 29, 1967.

**150**

Robert L. Milby, Hamm, Taylor & Milby, London, for appellants.

H. K. Spears, Somerset, Robert Matthews, Atty. Gen., Frankfort, for appellees.

CLAY, Commissioner.

In this workmen's compensation case the Board denied compensation and on appeal the circuit court reversed. The employer appeals from that judgment.

The employee contends he was injured on March 1, 1965, when a board struck him in the stomach while he was stacking some lumber. His principal complaint is a back injury, which apparently was disabling. The evidence, however, would justify a finding that the condition of his back was attributable to a bilateral hydrocele corrected by surgery in December 1959. This condition was again repaired in April of 1965, over a month after the alleged injury. The doctor who operated on the employee could not say his back condition was caused by the injury complained of or that such injury caused any disability. It appears that after the alleged accident the employee discovered a knot on his back, but there is no evidence this resulted from the injury or itself caused any disability.

The Board, while finding the employee sustained an injury and gave proper notice thereof, concluded there was no substantial evidence the accident caused his disability. The trial court took the view that since there was ample lay evidence that the employee was seriously disabled, the case should be remanded to the Board with directions to appoint three disinterested physicians to determine whether or not he had sustained such injuries by reason of the accident as would entitle him to compensation.

The employer has raised the question of proper notice of the injury. It is not necessary to consider this question and we can assume notice. Nor is it necessary to consider the employer's contention that the circuit court had no power to direct the nature of the proceedings in a new hearing before the Board.

The basic question in the case is whether the evidence was so clear-cut and convincing on behalf of the employee that the Board could not justifiably find against him. Porter v. Goad, Ky., 404 S.W.2d 795. There is no doubt the evidence amply proved disability. However, the only medical evidence tended to prove the disability resulted from causes other than the accident. The burden was on the employee to prove his right to compensation. The Board found that he had not sustained this burden. Considering all the evidence most favorable to

the employee, it was not sufficient to establish clearly and convincingly that there was a causal relationship between the injury and the disability. For this reason the finding of the Board must be upheld.

The judgment is reversed for consistent proceedings.

All concur.