**E. I. DUPONT DE NEMOURS & COM-PANY, Appellant,**

v.

**Marvin L. BURNS, Appellee.**

Court of Appeals of Kentucky.

May 3, 1968.

A. Wallace Grafton, Jr., Edgar A. Zingman, Wyatt, Grafton & Sloss, Louisville, for appellant.

John Frith Stewart, Louisville, for appellee.

DAVIS, Commissioner.

The appellee sought workmen's compensation based on a claimed accident-caused herniated lumbar disc. The Workmen's Compensation Board denied the claim. Upon appeal to the circuit court, the finding of the Board was reversed, and the cause was remanded for further proceedings looking toward an award of compensation. The company is challenging the correctness of the circuit court's decision on the basis that the finding of the Board was based on substantive evidence.

In order to bring this issue into focus, we quote a pertinent portion of the opinion and order handed down by the Workmen's Compensation Board:

"Plaintiff alleges in his application that he suffered two injuries which resulted in his subsequent disability, the first in 'November or December of 1965,' the second in 'December of 1965 or January of 1966.' The proof is scarcely more definite, but the sequence of events seems to have been as follows: At some time in the 'fall' of 1965 plaintiff was assisting another em-

ployee in moving a long, heavy wooden beam when, according to his testimony, the other man dropped his end of the beam throwing the entire weight on plaintiff. Plaintiff claims to have reported this incident (which his foreman and several other employees say they witnessed) to defendant's medical department, but the latter has no record of it. Plaintiff says that subsequent to this occurrence he had pain in his back and his leg. He continued to work, however, and on January 20, 1966, was struck in the mouth by a window angle which he was attempting to remove, resulting in the laceration of his mouth and the breaking of his upper plate. The defendant's medical records reflect this incident, although they do not disclose that plaintiff claimed at that time any injury to his back; in his testimony, however, he says he hurt his back on this occasion also.

"Plaintiff did not seek any medical attention with respect to his back or leg until April 26, 1966, at which time he consulted Dr. Haven, his family physician. He did not cease work until approximately one week before May 20, 1966, upon which date Dr. Haven hospitalized him in consultation with Dr. Martyn Goldman. Dr. Haven recalls plaintiff's giving him 'rather a vague history relating to a large timber.' Dr. Goldman says that he was given a history of 'gradual onset' of pain in the right buttock and right leg; while Dr. Reed, who performed the surgery, received a history of 'insidious onset of right hip pain and right sciatica' beginning in the fall of 1965. To neither of the latter two witnesses did plaintiff communicate any history of an injury.

"It is worthy of note that Dr. Richard Roth, a neurologist, who testified for plaintiff after having examined him on November 9, 1966, stated that he would not have regarded plaintiff's disc lesion as traumatic in origin had it not been for the history given him by plaintiff of the two accidents above mentioned; in Dr. Roth's experience about fifty per cent of disc herniations are nontraumatic in origin and are most likely to be so in those cases where substantial pain and disability do not immediately follow the suspected injury but have their onset only after a number of weeks or months.

"The various internal inconsistencies in plaintiff's own testimony and in the histories given by him to his treating physicians impel us, not to the conclusion that the accidents alleged by him did not occur, but rather to one that they are not causally connected with plaintiff's disc problem and that the herniation of the disc was rather the result of a degenerative process of wear and tear over a considerable period of time. As such, plaintiff's condition is not compensable and his claim must be dismissed."

Appellant calls attention to Murray Hospital Association v. Harvey, Ky., 419 S.W.2d 335; Grissom v. Walters, Ky., 419 S.W.2d 149; and Robinson v. Inland Steel Company, Ky., 343 S.W.2d 586, all of which recognize the well-established rule that the Workmen's Compensation Board is the sole fact finder in compensation proceedings and that the court may not substitute its opinion for that of the Board on the weight of the evidence. Factual findings by the Board based upon substantive evidence of probative value are conclusive and binding on the court. In setting aside the finding of the Board, the circuit court recited in part " * * * that there was reliable, probative and material evidence contained in the whole Record which established that on December 14, 1965, and that on January 20, 1966, the Petitioner was involved in accidents * * * " causing his disability. We agree that there was evidence in behalf of the present appellee which would have warranted the Board's finding in his behalf, but we do not find that the evidence in behalf of appellee was so overwhelming and persuasive that the Board could not justifiably find against him. It follows that the circuit court erred

in setting aside the finding of the Board in light of the conflicting evidence in the record.

The judgment is reversed with directions to enter a new judgment affirming the order of the Workmen's Compensation Board.

All concur.