**Alvin NEWSOME, Appellant,**

v.

**ISLAND CREEK COAL COMPANY, John W. Young, Commissioner of Labor, Etc., Appellees.**

Court of Appeals of Kentucky.

Oct. 30, 1970.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

Fred G. Francis, Howard, Francis & Howard, Prestonsburg, Martin Glazer, Dept. of Labor, Frankfort, Gemma M. Harding, Atty., Special Fund, Dept. of Labor, Louisville, for appellees.

REED, Judge.

The Workmen's Compensation Board dismissed a claim for permanent and total disability allegedly caused by the occupational disease, silicosis, filed by appellant, Alvin Newsome, against his employer, Island Creek Coal Company, and the Special Fund. Newsome appealed to the circuit court where the board's action was upheld. He then appealed to this court. We affirm the decision of the board and the circuit court.

■ Newsome, a 58-year-old coal miner, instituted his claim in March, 1969; he asserted that he became affected with silicosis in October, 1968, and was totally disabled. He had been employed in coal mining for 30 years. Newsome introduced ample medical testimony that, if it had been believed by the board, would have sustained an award in his favor. The employer and the Special Fund, however, introduced ample medical testimony that supported the board's findings that Newsome was not suffering any compensable disability caused by an occupational disease. In short, the medical evidence introduced by the parties to the claim was in direct conflict on the issue to be determined. Where relevant and credible evidence from expert witnesses equally qualified to give medical-opinion evidence is in direct conflict, the court, on judicial review of a decision made by the fact finder, cannot substitute its evaluation of such evidence for that of the fact finder (in this instance the board) whose duty it is to evaluate this kind of evidence. Cf. Young v. Dale, Ky., 446 S.W.2d 288 (1969).

Newsome, in his brief, appears to concede that this is the settled law. There can, of course, be no serious argument concerning the scope of judicial review in this

instance because the applicable rule that we have stated is one of universal application and is not confined to workmen's compensation cases. Newsome asserts, however, that despite the contradictory character of the medical evidence concerning the existence of the occupational disease of silicosis on which he based his claim, the board erred in not awarding him permanent and total disability for psychoneurosis induced by fear that he suffered from silicosis.

The principal evidence of the existence of a psychoneurosis was the testimony of Dr. William H. Anderson, a specialist in chest diseases, who was called as a witness for the Special Fund. Dr. Anderson testified that Mr. Newsome did not have silicosis or any other physiological condition that would prevent him from engaging in hard manual labor in the coal mines. On cross-examination, Newsome's counsel inquired about the existence of psychoneurosis which Dr. Anderson had noted as a diagnosis in his written report. The pertinent testimony is as follows:

"Q. Doctor, this man's psychoneurosis, could it be the result of his thinking that he has silicosis?

A. This is possible, yes.

Q. And is the disability therefore just as real to him as if it actually existed?

A. Oh yes. As a matter of fact, often the psychoneurotic is much more difficult to treat than someone who actually has the disease, and may be a worse prognosis as far as trying to get them back to work or even to any other type of work.

Q. I see. Then it is bonafide in a patient's mind, it is not a malingering type of thing?

A. That's correct. I don't want to mislead anyone. I don't think he's pretending to be sick. His symptoms are real to him and he is just as sick as someone who has emphysema or bronchitis or something of that sort."

Two of the physicians who testified on behalf of Newsome noted a diagnosis of psychoneurosis combined with a silicotic condition. Neither Dr. Anderson nor the other physicians were psychiatrists. Newsome's attorney's question on cross-examination merely produced evidence that fear of silicosis was a "possible" cause of psychoneurosis. Two of the physicians who testified for Newsome had noted the evidence of psychoneurosis combined with silicosis but expressed no opinion as to the cause of the psychoneurosis. The remainder of the medical evidence was to the effect either that Newsome was suffering from silicosis or had no occupational disease and was able to work in his regular occupation.

■ The board found against the claimant. The only issue on judicial review is whether the claimant's proof was so strong as to compel a finding in his favor—so persuasive that it was clearly unreasonable for the board not to be convinced by it. Griffith v. Blair, Ky., 430 S.W.2d 337 (1968). We need not decide in this case whether psychoneurosis induced by fear that another occupational disease has been contracted is itself an occupational disease within the meaning of KRS 342.316; for the sole purpose of disposing of this appeal, we will assume that it is. Despite this assumption, we cannot say that the evidence to the effect that Newsome was suffering from psychoneurosis caused by his occupation was so clear-cut and convincing that it was clearly unreasonable for the board not to have so found. A bare possibility suggested only by a question propounded by counsel on cross-examination is the only relevant evidence concerning the matter. This, of course, is legally insufficient to permit us on judicial review to command the board to make the finding for which appellant contends. In truth, a more serious question would have

been presented had the board found psychoneurosis caused by his occupation. If such finding had been questioned as clearly erroneous, we would have sustained great difficulty on the record before us in not so characterizing the finding. Cf. Lexington Cartage Company v. Williams, Ky., 407 S. W.2d 395 (1966).

The circuit court properly confined the scope of its judicial review to the area prescribed by the compensation statute and by the decisions of this court.

The judgment is affirmed.

All concur.