John Joseph MUNDAY, Appellant,

v.

CHURCHILL DOWNS, INC.; A. Eugene Hancock; James R. Yocom, Commissioner of Labor and Custodian of the Special Fund; Frances Jones Mills, Treasurer of the Commonwealth of Kentucky and Custodian of the Uninsured Employers Fund; and Workmen's Compensation Board of Kentucky, Appellees.

Court of Appeals of Kentucky.

Feb. 15, 1980.*

Robert Haddad, Harris J. Berman, Louisville, for appellant.

Robert F. Stephens, Atty. Gen., Michael A. Richardson, Thomas A. Ainley, Asst. Attys. Gen., Frankfort, for appellee, Uninsured Employers' Fund.

Thomas G. Mooney, Ewen, MacKenzie & Peden, P.S.C., R. Lawrence Baird, Tarrant, Combs & Bullitt, Lousiville, for appellee, Churchhill Downs, Inc.

Mark E. Mader, Louisville, for appellee, Hancock.

Denis S. Kline, Asst. Counsel, Dept. of Labor, Louisville, and Kenneth E. Hollis,

* This case was originally designated "Not to be Published." On April 25, 1980 the Court of Appeals ordered it published.

Gen. Counsel, Dept. of Labor, Frankfort, for appellee, Special Fund.

Before HAYES and WILHOIT and WINTERSHEIMER, JJ.

WINTERSHEIMER, Judge.

This appeal is from a judgment entered May 30, 1979, affirming an order of the Workmen's Compensation Board, dismissing the claim for compensation of a jockey who was injured when he fell from a race horse. The principal question is whether the jockey is an employee or an independent contractor.

Munday, a 37-year-old licensed jockey with twelve years experience, fell from a horse during a race at Churchill Downs on June 26, 1976. He sustained a fractured vertebra and eventually required surgery. He remained totally disabled as a jockey from the date of the accident to October 1, 1977, although he was permitted to work as an exercise boy as of June 29, 1977. Munday was given prerace instructions by Hancock, the owner/trainer, to stay close and win if he could.

The appellant argues as follows:

1) That the circuit committed reversible error because the relationship between Hancock and Munday was that of employer and employee under the facts and the law.

2) That the relationship between Churchill Downs and Munday was that of employer and employee.

3) That as a result of the accident, he is permanently disabled and entitled to an award of compensation.

This Court affirms the judgment of the circuit court, based on the opinion and award of the Workmen's Compensation Board, dismissing the claim for injury because there was substantial evidence in the record to support the findings of the Board.

The claimant is a member of a licensed occupation and was employed and paid by the job as a freelance jockey, as opposed to a contract jockey. He solicited trainers for mounts and operated by himself or through an agent. A contract rider is one who works under an agreement with a particular trainer.

The question of control was correctly decided by the Board under the principles set out in *Ratliff v. Redmon*, Ky., 396 S.W.2d 320 (1965). Hancock's right of control over Munday's work was extremely limited. The instructions of Hancock did not amount to a control of the details of the jockey's work. A jockey is required by the Rules of Racing, 810 KAR 1:016(14), to ride the horse so as to win, or finish as near as possible to first, and to demonstrate the best and fastest performance of which the horse is capable. The admonition by the owner prior to the race was only a repetition of the jockey's professional obligation. In *Clark v. Industrial Commission*, 54 Ill.2d 311, 297 N.E.2d 154 (1973), it was held that prerace instructions were of a general and informative nature and not calculated to supersede the jockey's professional skills as to the specific details of riding the horse. We are persuaded that a similar situation arises here.

There is no reason to believe from the evidence that Churchill Downs could be considered as the employer of the jockey. Jockeys receive no riding instructions from any track official. The jockey is paid through the track once a week on a gross basis with no deductions being made for taxes or social security. The track furnishes each jockey with an annual 1099 form for tax purposes. 810 KAR 1:004 § 2(1)(3); KRS 230.240. Supervision of the racing is in the hands of the stewards. Churchill Downs does not control the arrival or departure of jockeys or pass on their qualifications. Payment through the track office is not enough to create an employment relationship.

It is well settled that the Board is the finder of fact and that the courts will not disturb their findings if they are supported by substantial evidence in the record. *Armco Steel Corp. v. Mullins*, Ky., 501 S.W.2d 261 (1973).

There was substantial probative evidence in the record to support the finding of the

Board and the trial court that the claimant suffered no occupational disability.

The judgment of the circuit court is affirmed.

All concur.