21739

Larry CARVER, Respondent, v. BILL PRIDEMORE & COMPANY
and American National Fire Insurance Company, Appellants.

(294 S. E. (2d) 419)

*James H. Watson* and *H. Brent Fortson, Leatherwood, Walker, Todd & Mann,* Greenville, *for appellants.*

*Harold R. Lowery,* Anderson, *for respondent.*

June 28, 1982.

NESS, Justice:

Appellants, Pridemore and its carrier, appeal an order awarding respondent, Carver, workmen's compensation benefits pursuant to § 42-1-130 and § 42-1-400 of the S. C. Workmen's Compensation Act. Pridemore asserts Carver is not an employee, but an independent contractor and thus not covered by its workmen's compensation fund.[1] We affirm.

The material facts here are not in dispute. Carver was injured while working on a housing project owned by appellant, Pridemore, who was also the general contractor. Carver was performing the drywall work on the project. Pridemore paid Carver one lump sum check and Carver in turn paid his helpers. Pridemore deducted premiums for workmen's compensation insurance from Carver's check.

Appellants contend Carver was not an employee but a subcontractor, and thus the court lacks jurisdiction under our Workmen's Compensation Act. However, S. C. Workmen's Compensation Act covers certain categories of non-employees as well as employees so that a determination of Carver's status is not conclusive on the question of jurisdiction. Section 42-1-400, 1976 S. C. Code of Laws, provides:

"When any person, in this section and §§ 42-1-420 and 42-1-430 referred to as 'owner,' undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this

---

[1] The Single Commissioner, Full Commission and the Circuit Judge concurred in allowing coverage.

section and §§ 42-1-420 to 42-1-450 referred to as 'subcontractor') for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him."

Thus even if Carver was a subcontractor having employees of his own under this statute, Pridemore, as owner, is still liable for benefits due any employee.

The purpose of § 42-1-400 is to afford the benefits of compensation to those who are exposed to the risks of the owner's business and to place the burden of paying compensation upon the organizer of the enterprise.

In addition, § 42-1-130 expands coverage to allow persons working for the benefit of Pridemore, as owner, to elect to be classified as an "employee" for purposes of receiving compensation coverage. Section 42-1-130 (1981 Cum.Supp.) provides:

"Any sole proprietor or partner of a business whose employees are eligible for benefits under this Title may elect to be included as employees under the workmen's compensation coverage of such business if they are actively engaged in the operation of the business and if the insurer is notified of their election to be so included. Any sole proprietor or partner shall, upon such election, be entitled to employee benefits and be subject to employee responsibilities prescribed in this Title."

The obvious purpose of this section is to expand coverage of the Act by making its benefits available to working partners and sole proprietors who are actively engaged in another's enterprise, and thereby exposed to its risks, and whose employees are covered under the Act, but who would be otherwise excluded because of their status.

When the provisions of § 42-1-130 are applied to the facts of this case, it is clear that the claimant was at least a statutory employee of Bill Pridemore. As a subcontractor, his employees would be statutory employees of Pridemore under § 42-1-400 and thereby eligible for work-

men's compensation benefits. Claimant, as a sole proprietor or partner actively engaged in the operation of Pridemore's business, could elect, under § 42-1-130, to be included as an employee for purposes of workmen's compensation coverage by notifying the insurer of such election.

Here, Pridemore's carrier asserts claimant failed to give the requisite notice. However, the record states Pridemore testified his purpose in taking out workmen's compensation insurance was to enable him to use workers on the project who were not otherwise covered.

In addition, the testimony is consistent to the effect that Bill Pridemore and the claimant intended and believed claimant was covered. Several members of claimant's family testified Pridemore told them after the accident that he had procured workmen's compensation insurance on claimant and that claimant was covered.

Moreover, Pridemore testified the insurer audited his records for the purpose of determining the amount of premium due, and *that the premium was withheld from claimant's check.* This premium was computed upon and deducted from the lump sum paid to claimant.

Section 42-1-130 requires no specific type of notice to the insurer, and the record here contains no evidence inconsistent with a finding of notice to the insurer. To the contrary, the facts show claimant elected to be covered by Pridemore's compensation insurance; paid for the coverage with the premiums deducted from his wages; and the insurer had notice of the election by auditing Pridemore's records to calculate the amount of premium due.

Since the claimant qualifies as a statutory employee, it is unnecessary for the disposition of this appeal to address the distinctions between an employee and a subcontractor or to determine their application to the facts of this case. Also, as the Industrial Commission acquired jurisdiction because of claimant's status as a statutory employee, it is unnecessary to consider appellant's arguments that jurisdiction cannot be acquired by estoppel. The judgment of the lower court is affirmed.

Affirmed.

LEWIS, C. J., LITTLEJOHN and GREGORY, J J., and A. LEE CHANDLER, Acting Associate Justice, concur.