## AMERICAN BAKERIES COMPANY, Appellant,

v.

## William M. HATZELL; Special Fund; and Workers' Compensation Board, Appellees.

## SPECIAL FUND, Appellant,

v.

## William M. HATZELL, American Bakeries Company and Workers' Compensation Board, Appellees.

Nos. 88–SC–650–DG, 88–SC–651–DG.

Supreme Court of Kentucky.

June 8, 1989.

As Corrected July 6, 1989.

C. Patrick Fulton, Woodward, Hobson & Fulton, Louisville, for appellant, American Bakeries.

John E. Stephenson, Supervisor, Appeals Section, Louisville, for appellant, Special Fund.

Tamara Todd Cotton, Hardy, Logan, Priddy & Cotton, Louisville, for appellee, William M. Hatzell.

WINTERSHEIMER, Justice.

This appeal is from a decision of the Court of Appeals which reversed the judgment of the circuit court which had affirmed the opinion of the Workers' Compensation Board dismissing Hatzell's claim for benefits based on angina.

The principal issue is whether angina pectoris is a statutorily compensable work-related injury when the underlying heart disease is not work related.

Hatzell, a bread driver-salesman, began experiencing pain and tightness in his chest while on the job. Later, the pain became more frequent and he experienced it at home and elsewhere while the exertion needed to cause the pain decreased. He had a coronary bypass in 1983 and is now totally disabled.

Hatzell claims that he is entitled to total occupational disability benefits as a result of the alleged work-related injury which occurred in 1982. The Workers' Compensation Board determined that the claimed injury was angina pectoris suffered as a result of a nonwork-related heart disease. The Board dismissed the claim finding that the angina was only a symptomatic pain from a condition not causally linked to his work. The circuit court affirmed the deci-

sion of the Board. The Court of Appeals reasoned that angina is a harmful change in the human organism satisfying that part of the meaning of "injury" as defined in K.R.S. 342.620(1) and reversed stating that the majority of the panel was unsure if the Board's decision was based on the fact that the underlying heart disease was not work related or on a finding that the stress of work was inconsequential to the onset of the angina. This Court granted review.

We reverse the Court of Appeals and hold that angina pectoris is not a harmful change within the meaning of the statutory definition of "injury." K.R.S. 342.-620(1) defines "injury" in part as "any work-related harmful change in the human organism arising out of and in the course of employment." Angina pectoris is only a *symptomatic* pain emanating from the underlying atherosclerotic heart disease. Hatzell's heart and arteries were in the same condition after the angina pain as they were before the angina pain. Consequently, there was no harmful change to the human organism. The medical proof presented to the Board supports its decision that the angina did not damage the heart and that the heart disease was not work-related.

The Board applied the proper law in the determination of this claim. Therefore, the only appellate question is whether the evidence is so overwhelming so as to compel a decision in favor of the claimant. *Paramount Foods Inc. v. Burkhardt,* Ky., 695 S.W.2d 418 (1985). The evidence is not so compelling. The medical evidence presented to the Board clearly supports the decision of the Board and the circuit court. A reviewing court, circuit or appellate, may not substitute its judgment for that of the Board. KRS 342.285(3); *Armco Steel Corp. v. Mullins,* Ky., 501 S.W.2d 261 (1973).

Dr. Olash testified that Hatzell did not suffer a heart attack nor was his heart damaged by the angina. The doctor stated that heart disease is a naturally progressive disease and that angina is a symptom of coronary artery disease and that the work did not cause the disease. Factors such as smoking, high blood pressure, high blood fats, physical inactivity, obesity and family history were cited as contributors to his condition. Dr. Masden testified that there was no relation between work and the underlying coronary artery disease. He stated that the angina was only a symptom of a disease which could have occurred with exercise wherever that exercise occurred. Here, the facts are similar to those in *Sowders v. Mason & Dixon Lines, Inc.,* Ky.App., 579 S.W.2d 380 (1979). Hatzell's disabling condition was not an occupational disease in the statutory sense. *See Young v. McDonald,* Ky. 481 S.W.2d 41 (1972). Any change in the Workers' Compensation statute must come from the legislature and not as a result of judicial decision. The medical evidence was competent and of probative value so as to support the factual findings of the Board and the dismissal of the claim must stand. *Armco, supra.*

*Stovall v. Dal–Camp, Inc.,* Ky., 669 S.W.2d 531 (1984) is not applicable to this situation. Here, the Board clearly found that the heart condition of Hatzell was not work related and that the evidence supported such a finding. *Stovall, supra,* addressed the question of apportionment of compensation between the Special Fund and the employer in heart attack cases. The opinion noted the firmly entrenched rule that when work-related stress or exertion arouses a pre-existing nondisabling condition and causes a heart attack, the disability arising from the *heart attack* is compensable. The debilitating effects of angina were not discussed in *Stovall.*

We can understand the dilemma which a majority of the Court of Appeals panel faced. However, considering this case as a whole, *Stovall* does not control. Here the Board was not convinced that the condition was work related in any way. Hatzell could not prove that but for his work, he would not have had this underlying heart disease. The underlying disease is coinci-

dental to the work and is not derived therefrom.

It is the holding of this Court that angina pectoris is not compensable as a work-related injury when the underlying heart disease is not work related and that the evidence did not compel a finding in favor of the claimant.

The decision of the Court of Appeals is reversed and the judgment of the circuit court is reinstated.

All concur, except COMBS, J., who did not sit.