23829

James Albert SMITH (Deceased), Jeanette D. Smith, individually and as Guardian ad Litem for Mary Jo Smith, a minor under the age of eighteen (18) years, Respondents v. SQUIRES TIMBER COMPANY and/or Randy Brown Logging, Employer, and P.A. Manufacturers Association Insurance Company, Carrier, of whom Squires Timber Company, and P.A. Manufacturers Association Insurance Company, are Petitioners.

(428 S.E. (201) 878)

Supreme Court

*F. Earl Ellis, Jr.,* and *Andrew F. Lindemann,* of *Nauful & Ellis, P.A.,* Columbia, *for petitioners.*

*Craig A. Snook,* of *Stevens, Stevens, Thomas & Snook,* Myrtle Beach, *for respondents.*

Heard Feb. 17, 1993; Decided April 5, 1993.

Ren. Den. May 5, 1993.

HARWELL, Chief Justice:

This is a workers' compensation case. We granted certiorari to review *Smith v. Squires Timber Co.,* — S.C. —, 417 S.E. (2d) 101 (Ct. App. 1992), wherein the Court of Appeals found that the Workers' Compensation Commission (Commission) failed to rule on the question whether respondent Jeanette D. Smith's husband, James Albert Smith (Smith), an independent contractor, was a statutory employee of Randy Brown Logging (Brown). The Court of Appeals remanded the case to the

Commission to make a finding regarding this issue. Petitioners contend that remand was improper. We agree and reverse.

## I. FACTS

Squires Timber Company (Squires) is a timber supplier that engages independent logging companies to cut and haul timber to its customers. In 1988, Squires contracted with Brown to cut and deliver timber to International Paper. Brown in turn contracted with Smith to deliver cut timber. Smith, unlike Brown's regular employees' used his own equipment, worked when he chose, and was paid based on his production. Brown withheld no employee deductions from Smith's pay.

On February 9, 1988, Smith was killed in an automobile accident while returning to Squire's logging site with a rejected load of timber. Respondents filed for workers' compensation benefits, alleging that Smith was an employee of either Brown or Squires. After a hearing, a commissioner found that Smith was an independent contractor rather than an employee of Brown. In addition, the Commissioner found that Smith was neither an employee nor a statutory employee of Squires. As a result, respondents were denied worker's compensation benefits. The Commissioner's findings were affirmed on appeal to the Commission and Circuit Court. Respondents appealed.

While the appeal was pending, we held that S.C. Code Ann. § 42-1-400 (1985),[1] which imposes liability on owners for their statutory employees, did not preclude classification of a subcontractor as a statutory employee. *Smith v. T.H. Snipes & sons, Inc.*, 306 S.C. 289, 411 S.E. (2d) 439 (1991). Relying on *Snipes*, the Court of Appeals remanded the case to the Commission for consideration of whether Smith, although an independent contractor, also could have been a statutory em-

---

[1] Section 42-1-400 provides:

When any person in this section and §§ 42-1-420 and 42-1-430 referred to as "owner," undertakes to perform or execute any work which is a part of his trade, business or occupation and contracts with any other person (in this section and §§ 42-1-420 to 42-1-450 referred to as "subcontractor") for the execution or performance by or under such subcontractor of the whole or any part of the work undertaken by such owner, the owner shall be liable to pay to any workman employed in the work any compensation under this Title which he would have been liable to pay if the workman had been immediately employed by him.

ployee of Brown and thus eligible for benefits. We granted Squires' petition for certiorari.

## II. DISCUSSION

As a threshold matter, we address Squires' assertion that the issue whether Smith was a statutory employee of Brown was not raised and ruled on below, and thus not preserved for review. *Gore v. Skipper,* 255 S.C. 18, 176 S.E. (2d) 569 (1970).

Respondent's Form 52 claim for workers' compensation benefits alleged that Smith was an employee of Brown. In our view, the allegation that Smith was an employee of Brown included the possibility that Smith may have been a statutory employee of Brown, thereby raising the issue of Smith's statutory employee status.

As to the Commissioner's ruling on the issue, we note that an independent contractor or subcontractor is precluded from receiving workers' compensation benefits unless he elects to receive benefits pursuant to S.C. Code Ann. § 42-1-130 (Supp. 1992).[2] The Commissioner's finding that Smith was an independent contractor without a corresponding finding that Smith had elected to receive benefits pursuant to section 42-1-130 implicitly holds that Smith was not a statutory employee of Brown. Accordingly, we hold that the issue of whether Smith was a statutory employee of Brown has been preserved for our review and turn to the merits of Squires' appeal.

As a general rule, independent contractors or subcontractors, are not included under the Workers' Compensation Act. *Marlow v. E.L. Jones & Son, Inc.,* 248 S.C. 568, 151 S.E. (2d) 747 (1966) (working partners are not employees and therefore not statutory employees); *McDowell v. Stilley Plywood,* 210 S.C. 173, 41 S.E. (2d) 872 (1947) (the Leg-

---

[2] Section 42-1-130 provides:

\*    \*    \*    \*    \*    \*

Any sole proprietor or partner of a business whose employees are eligible for benefits under this title may elect to be included as employees under the workers' compensation coverage of the business if they are actively engaged in the operation of the business and if the insurer is notified of their election to be included. Any sole proprietor or partner, upon such election, is entitled to employee benefits and is subject to employee responsibilities prescribed in this title.

islature did not intend to include independent contractors and subcontractors in the Workers' Compensation Act). However, we have recognized that section 42-1-130 creates a narrow exception to the general rule by allowing an independent contractor or subcontractor to become an "employee" by electing coverage under his business's workers' compensation benefits. *Snipes*, 306 S.C. at —, 411 S.E. (2d) at 440 (an independent contractor may be a statutory employee if he has elected coverage pursuant to section 42-1-130);[3] *Carver v. Bill Pridemore & Co.*, 278 S.C. 235, 294 S.E. (2d) 419 (1982) (a subcontractor who elects for coverage under section 42-1-130 may be a statutory employee).

The record establishes that Smith did not own a business or carry workers' compensation insurance for employees, and counsel conceded at oral argument that an election of coverage under section 42-1-130 was impossible under these facts. Consequently, the narrow exception recognized by *Carver* and *Snipes* cannot apply. As an independent contractor not falling within the *Snipes* exception, Smith is excluded from coverage under the Workers' Compensation Act.

Under our scope of review, the Commission's denial of workers' compensation benefits must be affirmed if supported by the substantial evidence in the record, *Lark v. Bi-Lo, Inc.*, 276 S.C. 130, 276 S.E. (2d) 304 (1981). We find substantial evidence to support the Commission's decision and, therefore, reverse the Court of Appeals opinion remanding the case for further consideration.

Reversed.

CHANDLER, FINNEY and TOAL, J.J., and Acting Associate Justice L. HENRY MCKELLAR, concur.

---

[3] Respondents contend that under *Snipes*, an independent contractor or subcontractor may be a statutory employee without electing coverage under section 42-1-130. In our view, *Snipes* is clearly consistent with our earlier decisions excluding independent contractors and subcontractors from workers' compensation coverage unless they have elected coverage under section 42-1-130. However, to clarify any misconception, we limit *Snipes* to its facts.