24455

James Terry MOORE, Petitioner v. CITY OF EASLEY, and State Workers' Compensation Fund, Respondents.

(472 S.E. (2d) 626)

Supreme Court

*G. Edward Welmaker,* of *Acker, Welmaker & Johnson,* Pickens, *for Petitioner.*

*Amy V. Cofield,* of *Cofield and Pruitt,* Anderson, *Rose Mary McGregor,* of *State Workers' Compensation Fund,* Columbia, *for Respondents.*

Heard Oct. 5, 1995.

Decided July 1, 1996.

TOAL, Justice:

We granted certiorari to review the Court of Appeals' decision reversing the circuit court's grant of workers' compensation benefits to Appellant James Terry Moore, who suffered an on-the-job attack of angina. *See Moore v. City of Easley,* Op. No. 94-UP-135 (filed April 26, 1994). Moore asks us to recognize angina as a compensable injury under South Carolina workers' compensation law. We hold that angina may be compensable when there exists a causal relationship between the angina and the claimant's subsequent inability to work, *i.e.,* claimant's disability. However, because Moore's angina did not cause his disability, workers' compensation is inappropriate in this case. Accordingly, we affirm the division of the Court of Appeals.

## FACTUAL/PROCEDURAL BACKGROUND

Claimant Moore was a police officer with the City of Easley. In November 1989, he suffered a massive myocardial infarct (heart attack) unrelated to his job. After the infarct, he had coronary double bypass surgery. He returned to work in February 1990.

On September 1, 1990, Moore was involved in a high-speed chase and arrest of robbery suspects. In the course of the ar-

rest, he had to wrestle with one of the suspects in order to restrain him.[1] During this chain of events, Moore began experiencing serious chest pain. After reinforcements arrived and the situation was under control, Moore was taken to the hospital.

Ultimately, Moore's cardiologist, Dr. Ross, determined that Moore had suffered an episode of angina caused by his exertion during the high-speed chase and arrest. Importantly, however, Dr. Ross found that Moore suffered no "additional damage or insult to his heart or the heart muscle by reason of the events which occurred in September of 1990." Dr. Ross further testified that the attack of angina unmasked, rather than aggravated, Moore's heart condition. Dr. Ross advised Moore to retire from the police force.

The evidence reveals that Moore developed clinical depression sometime after September 1, 1990. This depression became so severe that Moore was hospitalized for several days in December 1990. Dr. Cole, Moore's clinical psychologist, testified that the depression was brought on by a number of factors, including Moore's being told that he should never work as a police officer again, a sudden fear of death brought on by the September 1, 1990 incident, and his breakup with a girlfriend. A report from Marshall Pickens Hospital, where Moore had been hospitalized, stated Moore had endured several stressors recently: Specifically, Moore was "forced to retire due to this health problem and then found out that the woman he planned to marry backed out of the marriage."

When Moore filed for workers' compensation, the Hearing Officer denied benefits. The Hearing Officer found:

> [A]lthough the Claimant appears to be disabled by reason of his heart condition with possible contributing psychological factors, . . . his heart suffered no permanent injury or further insult as a result of the events alleged to have occurred on September 1, 1990, and . . . his psychological problems did not result from the events of that night.

The entire Commission affirmed the decision of the hearing officer.

---

[1] Respondents City of Easley and State Workers' Compensation Fund acknowledge the high-speed chase and arrest constitute unusual or extraordinary circumstances of employment.

On appeal, the circuit court judge reversed the Commission's decision, relying on *Nashville Livestock Commission v. Cox*, 302 Ark. 69, 787 S.W. (2d) 664 (1990), a case in which the Arkansas Supreme Court determined that work-related angina constitutes a compensable injury under Arkansas workers' compensation law. The Court of Appeals reversed the circuit court in an unpublished opinion. *See Moore v. City of Easley*, Op. No. 94-UP-135 (filed April 26, 1994).

This Court granted Moore's petition for writ of certiorari.

## LAW/ANALYSIS

### A. *Angina as Compensable Injury*

The Commission found that Moore's heart suffered no permanent injury or further insult as a result of the events alleged to have occurred on September 1, 1990. Any review of this finding is governed by the substantial evidence standard. *Smith v. Squires Timber Co.*, 311 S.C. 321, 428 S.E. (2d) 878 (1993). The "possibility of drawing two inconsistent conclusions from the evidence does not prevent an Administrative Agency's finding from being supported by substantial evidence." *Palmetto Alliance, Inc. v. South Carolina Public Serv. Comm'n*, 282 S.C. 430, 432, 319 S.E. (2d) 695, 696 (1984). Rather, this court need only find, considering the record as a whole, evidence that "would allow reasonable minds to reach the conclusion that the administrative agency reached." *Carter v. South Carolina Coastal Council*, 281 S.C. 201, 203, 314 S.E. (2d) 327, 328 (1984) (citations omitted). Furthermore, neither this Court nor the circuit court may substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. *See, e.g., Gibson v. Florence Country Club*, 282 S.C. 384, 318 S.E. (2d) 365 (1984).

As the Court of Appeals correctly observed, the Record in this case is replete with evidence that Moore did not suffer additional damage to his heart as a result of the arrest episode on September 1, 1990. Specifically, Dr. Ross found that Moore suffered no "additional damage or insult to his heart or the heart muscle by reason of the events which occurred in September of 1990." Dr. Ross further testified that the attack of angina unmasked, rather than aggravated, Moore's heart condition. According to the medical testimony in this case, *by definition* angina does not accelerate or aggravate an underlying

heart disease. Angina merely constitutes a symptom of the underlying condition. This testimony constitutes substantial evidence to support the Commission's findings.

Moore argues, however, that there is no question that the angina itself (as opposed to any permanent damage to his heart) was caused by the events of September 1, 1990. He suggests that South Carolina should adopt the position taken by many jurisdictions that work-related angina should be considered a compensable injury. *See, e.g., Crum v. General Adjustment Bureau*, 738 F. (2d) 474 (D.C. Cir. 1984) (work-related angina constitutes "injury" under the Longshoremen's and Harbor Workers' Compensation Act); *Nashville Livestock Comm'n v. Cox*, 302 Ark. 69, 787 S.W. (2d) 664 (1990) (attack of angina pectoris may constitute an injury giving rise to compensation under the workers' compensation act); *Allison v. State Farm Fire & Cas.*, 520 So. (2d) 1063 (La. Ct. App. 1987) (angina pectoris can constitute "accident" under Louisiana's workers' compensation law); *Borough of Folcroft v. Workmen's Compensation Appeal Bd.*, 167 Pa. Cmwlth. 290, 647 A. (2d) 994 (1994) (affirming finding that claimant's disability was caused by work-related angina, notwithstanding pre-existing heart condition). But *see American Bakeries Co. v. Hatzell*, 771 S.W. (2d) 333 (Ky. 1989) (angina pectoris held not compensable as a work related injury when the underlying heart disease is not work related). In order to understand the position taken by these jurisdictions, some examination of the seminal cases is necessary.

In *Crum v. General Adjustment Bureau*, 738 F. (2d) 474, the United States Court of Appeals for the District of Columbia Circuit construed the federal Longshoremen's and Harbor Workers' Compensation Act (LHWCA), 33 U.S.C. §§ 901-950, to allow compensation for disabilities caused by work-related angina. The claimant in *Crum*, an insurance claims adjuster with the General Adjustment Bureau, suffered chest pains while working. Over time, these pains increased in frequency, and his doctor advised him to quit his job if the chest pain did not cease. When the General Adjustment Bureau refused to move him into a position with less stress and fewer hours, the claimant retired. He then filed for compensation under the LHWCA. *Crum*, 738 F. (2d) at 476.

The General Adjustment Bureau contested the claim, argu-

ing that angina was not a compensable injury under the LHWCA. Its rationale was that "because angina is not a disease, but merely a manifestation or symptom of coronary artery disease, and since claimant's employment concededly did not cause his disease, he has suffered no compensable injury within the meaning of the Act." *Id.* at 477.

The federal court of appeals disagreed. Instead, it adopted the holding of the Administrative Law Judge that "symptoms or manifestations of disease, *to the extent they cause disability and are work-related,* constitute compensable injuries within the meaning of the Act." *Id.* at 477-78 (emphasis added). The court found that this rule was consistent with prior precedent construing the term "injury." *Id.* at 478. It believed compensation to the claimant was appropriate given the medical evidence "that the stress and conditions of [claimant's] work precipitated and aggravated the pains, which in turn disabled him from working." *Id.*

Similarly, in *Nashville Livestock Commission v. Cox*, 787 S.W. (2d) 664, the Arkansas Supreme Court held that "the work-related occurrence of a disabling symptom of underlying heart disease is compensable." *Nashville Livestock Comm'n*, 787 S.W. (2d) at 664. Relying largely on the reasoning of the federal court of appeals in *Crum*, the Arkansas Supreme Court concluded:

> We see no reason that a person who is disabled from pain causally related to his or her employment and resulting from an underlying physical condition would be any less entitled to workers' compensation benefits just because there is no change in that underlying condition. . . . When there is a work-related disabling angina attack, the disability, although temporary as in this case, is no less a disability. . . . Our holding here is that an attack of angina pectoris which results in disability as defined in the workers' compensation act may constitute an injury giving rise to compensation under the act if it arises out of and occurs in the course of employment.

*Id.* at 666.

Kentucky has taken a very different approach to this issue. In *American Bakeries Co. v. Hatzell*, 771 S.W. (2d) 333, the Supreme Court of Kentucky held that angina pectoris is not

an "injury" within the meaning of Kentucky's worker's compensation law. In so holding, that court reasoned that "[a]ngina pectoris is only a *symptomatic* pain emanating from the underlying atherosclerotic heart disease," and that the claimant's "hearts and arteries were in the same condition after the angina pain as they were before the angina pain." *Hatzell*, 771 S.W. (2d) at 334. The court concluded that angina pectoris could be compensated as a work related injury only when the underlying heart disease also is work related. *Id.* at 335. Importantly, the definition of "injury" in the Kentucky statute requires some form of "harmful change to the human organism." *See* Ky. Rev. Stat. § 342.620(1). This definition could preclude compensation for many forms of symptomatic pain, even if such symptoms are exacerbated by work conditions.

■    We hereby adopt a modified version of the rule in *Crum*. In South Carolina, angina is compensable only to the extent that it causes disability *and* arises out of extreme or unusual work circumstances. Angina causes disability when it, rather than the underlying heart condition, results in the claimant's inability to work. For example, the claimant's physician in *Crum* recommended that Crum leave his job because Crum's frequent work-related attacks of angina, *not* Crum's underlying heart condition, were so painful they made working nearly impossible.

■    Under this rule, Moore is barred from compensation. Although Moore's angina was caused by the unusual conditions of his employment, the evidence did not establish that his disability, that is, his inability to work, was caused by his angina. Instead, the testimony indicates that Moore's preexisting heart condition rendered him unable to work. His angina alerted his cardiologist to the severity of the underlying heart disease, but the angina itself did not make him disabled and did not aggravate his preexisting condition. In short, Moore really was too ill to work as a police officer even before the incident. The incident on September 1, 1990 merely caused a reaction, angina, that alerted Moore's doctors to the degree to which his heart disease had progressed. *See Owings v. Anderson County Sheriff's Department*, 315 S.C. 297, 433 S.E. (2d) 869 (1993).

Moore's complete inability to work after the episode of

angina resulted from the severity of his heart condition rather than from the pain of the angina. Therefore, compensation was properly denied.

## B. PSYCHOLOGICAL EVIDENCE

The Commission's finding that the September 1, 1990 event did not cause Moore's depression must be upheld if it is supported by substantial evidence. *See* Part A *supra* (discussing substantial evidence standard). As cited in the facts, there is testimony in the Record that Moore's depression stemmed from several events and that the September 1 incident did not cause his depression. Accordingly, the Court of Appeals correctly reversed the circuit court on this issue.

## CONCLUSION

For the foregoing reasons, the decision of the Court of Appeals is AFFIRMED.

FINNEY, C.J., and MOORE, WALLER and BURNETT, JJ., concur.