METROPOLITAN POULTRY and Liberty Mutual Insurance Company, Petitioners,

v.

DISTRICT OF COLUMBIA. DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,

and

Kenneth Robinson, Intervenor. .

No. 96–AA–220.

District of Columbia Court of Appeals.

Argued Nov. 24, 1997.
Decided Feb. 5, 1998.

Robert P. Scanlon, Rockville, MD, for petitioners.

Jo Anne Robinson, Interim Corporation Counsel at the time the statement was filed, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of brief, for the respondent. ·

Mark L. Schaffer, Washington, DC, for intervenor.

Before FARRELL, KING and REID, Associate Judges.

KING, Associate Judge:

Petitioners Metropolitan Poultry and Liberty Mutual Insurance Company (hereinafter "Metropolitan") seek review of a decision by the District of Columbia Department of Employment Services awarding income and medical benefits to Kenneth Robinson, an employee of Metropolitan, for a work-related injury under the Workers' Compensation Act.[1] Robinson suffered an angina attack while conducting company business. He was treated for that condition and also underwent cardiac catheterization and double bypass surgery. While Metropolitan does not challenge the award of benefits related to the treatment of Robinson's angina, it contends the agency erred in finding that the costs associated with treating the underlying heart

---

1. The District of Columbia Workers' Compensation Act, D.C.Code §§ 36–301 to –345 (1997 Repl.).

condition were also compensable medical expenses. We conclude that the rulings of the agency are supported by substantial evidence and are consistent with the applicable law. Accordingly, we affirm.

## I.

Robinson worked as a truck driver and delivery man for Metropolitan. On November 8, 1988, while unloading a delivery of chickens from his refrigerated truck,[2] he developed severe chest pains and was taken to a hospital, where he was diagnosed as having unstable angina (a "group of symptoms coming on suddenly and intermittently as a result of a sudden contraction of the smaller arteries which supply blood to the heart muscle"). Robinson was admitted and, during his stay, the unstable angina continued. On November 14 a cardiac catheterization discovered preexisting coronary artery disease, or arteriosclerosis. Due to this condition, double bypass surgery was performed on November 22. Both the cardiac catheterization and the bypass surgery were elective but recommended by Robinson's doctors. Robinson recovered and returned to work on January 24, 1989, on light duty.

In a compensation order dated November 8, 1990, the hearing examiner awarded disability benefits and "reasonably related medical expenses" to Robinson. The examiner found that "the angina arose out of and in the course of [Robinson's] employment, and was causally related thereto" and that Robinson was temporarily unable to work "because of the concomitant medical treatment, which included surgery." In reaching that conclusion, the examiner gave great weight to the opinion of Robinson's medical expert, Dr. Richard Schwartz, while rejecting the essentially contrary opinion of Metropolitan's medical expert, Dr. Michael Goldman. Dr. Schwartz testified that Robinson's exertion in the refrigerated truck precipitated the angina attack, that it was significant that the anginal pain continued after he was hospitalized and was at rest, and that the angina had in turn "precipitated or hastened" the need for surgery.

The examiner issued an Amended Compensation Order on December 18, 1990, after Metropolitan sought reconsideration, ruling that "the cost of the catheterization and bypass surgery were reasonably related medical expenses." The Director upheld the hearing examiner's ruling on February 14, 1996, concluding that the examiner's findings of fact were supported by "substantial evidence," and observing that the examiner was free to draw any reasonable inferences from conflicting medical opinions. *George Hyman Constr. Co. v. District of Columbia Dep't of Employment Servs.*, 498 A.2d 563, 566 (D.C. 1985).

Metropolitan asserts in its petition that the findings of the hearing examiner and the Director are not supported by substantial evidence and that the agency misapplied the law. Specifically, Metropolitan contends that the angina and the underlying coronary artery disease are separable conditions and that, while the angina was a compensable work-related injury, the artery disease was a preexisting condition the treatment of which was not a reasonably related medical expense. On the other hand, Robinson argues that the angina served as a kind of "signpost" of the underlying artery disease, and that the "chain of events" makes the angina inseparable from the underlying condition.

## II.

When this court reviews an agency decision, it does so by assessing:

(1) whether the agency has made a finding of fact on each material contested issue of fact;

(2) whether substantial evidence of record supports each finding; and

(3) whether conclusions legally sufficient to support the decision flow rationally from the findings.

*Ferreira v. District of Columbia Dep't of Employment Servs.*, 667 A.2d 310, 312 (D.C. 1995); *see also* D.C.Code § 1–1509(e) (1992 Repl.). Substantial evidence "is more than a mere scintilla. It means such relevant evi-

---

**2.** The boxes varied in weight from forty to one hundred twenty-five pounds. The temperature of the refrigerated compartment of the truck was thirty-two degrees.

dence as a reasonable mind might accept as adequate to support a conclusion." *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938) (citations omitted); *Washington Post Co. v. District Unemployment Compensation Bd.*, 377 A.2d 436, 439 (D.C.1977). "[T]he essence of the problem is causation." ARTHUR LARSON, WORKERS' COMPENSATION LAW § 38.83(a), at 7–312 to –313 (1997). We are satisfied that there is substantial evidence in the record to support the examiner's findings.

The hearing examiner heard extensive testimony from Robinson and his medical expert, Dr. Schwartz, and also had available depositions from Dr. Schwartz and from Metropolitan's expert, Dr. Goldman. The parties agree that Robinson's arteriosclerosis preexisted the angina attack of November 1988, and that treatment of the angina was compensable. The parties also agree that the exertion of Robinson's job precipitated the angina attack. Dr. Schwartz testified that the unstable angina was a "warning sign" of possible cardiac infarction, or heart attack. In his view, the continuing nature of Robinson's anginal pain, combined with his essentially normal electrocardiogram, indicated the need for further investigation. Schwartz also testified that the near-freezing environment of the refrigerated truck where Robinson worked was an "aggravating factor for precipitating the angina." The anginal pain served as a kind of "marker" or "signpost" to the underlying arteriosclerosis. When asked for his opinion "based on reasonable medical certainty" on the question of "whether the work activities . . . precipitated or hastened in any way the need for the further [testing] and the ultimate surgery," Schwartz answered, "Clearly, because it made manifest his pain, it did."

On the record before us, we must conclude that the agency's findings regarding whether Robinson's injury arose out of and in the course of his employment are supported by substantial evidence. We have said on this question that:

> in light of the hearing examiner's unique position to assess the credibility of petitioner and the other witnesses . . . we cannot say that the evidence submitted by

petitioner renders the hearing examiner's finding to be unsupported by substantial evidence in the record as a whole. . . . "[A]n agency as a finder of fact, may credit the evidence upon which it relies to the detriment of conflicting evidence, and [generally] need not explain why it favored the evidence of one side over the other."

*McKinley v. District of Columbia Dep't of Employment Servs.*, 696 A.2d 1377, 1386 (D.C.1997) (citing *Robinson v. Smith*, 683 A.2d 481, 488 (D.C.1996)). Based upon the examiner's reliance on Dr. Schwartz's opinion, which it was free to credit over contrary expert opinion, we are satisfied there is substantial evidence in the record to support the conclusion that the treatment of the angina and the underlying arteriosclerosis were both compensable. *But see American Bakeries Co. v. Hatzell*, 771 S.W.2d 333 (Ky.1989) (Compensation denied for treatment of preexisting heart condition, where the only expert testimony was that the angina was not work related.)

Nor can we say on this record that the hearing examiner misapplied the law. In this jurisdiction, "an aggravation of a preexisting condition may constitute a compensable accidental injury under the Act." *Ferreira v. District of Columbia Dep't of Employment Servs.*, 531 A.2d 651, 660 (D.C. 1987) (citing *Wheatley v. Adler*, 132 U.S.App. D.C. 177, 182, 407 F.2d 307, 312 (1968) (en banc)). "The fact that other, nonemployment related factors may also have contributed to, or additionally aggravated [petitioner's] malady, does not affect [the] right to compensation under the 'aggravation rule,'" and compensation is appropriate if petitioner's disability "arose *even in part* 'out of and in the course of' [his] employment." *Id.* (emphasis in original) (citing *Hensley v. Washington Metro. Area Transit Auth.*, 210 U.S.App. D.C. 151, 155, 655 F.2d 264, 267–68 (1981)). Employers must "accept with their employees the frailties that predispose them to bodily hurt." *Id.* (citing *J.V. Vozzolo, Inc. v. Britton*, 126 U.S.App. D.C. 259, 262–63, 377 F.2d 144, 147–48 (1967)).

On this record, the examiner could conclude that Robinson's injury arose in part out of and in the course of his employment.

While the arteriosclerosis was a preexisting condition, according to Dr. Schwartz it would likely have remained quiescent for an indefinite time but for the exertion that led to Robinson's angina attack. Accordingly, the compensation award is

*Affirmed.*