**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Everett Davis, Appellant,

v.

Southlake Transport, Inc., and Lumberman's
Underwriting Alliance, Respondents.

Appellate Case No. 2013-001763

―――――――――

Appeal From The Workers' Compensation Commission

―――――――――

Unpublished Opinion No. 2015-UP-026
Heard October 15, 2014 – Filed January 14, 2015

―――――――――

**AFFIRMED IN PART AND REMANDED IN PART**

―――――――――

John Derrick Clark, of Clark Law Firm, LLC, of Sumter,
for Appellant.

M. Chad Abramson and Weston Adams III, of McAngus
Goudelock & Courie, LLC, both of Columbia, and Helen
Faith Hiser, of McAngus Goudelock & Courie, LLC, of
Mount Pleasant, for Respondents.

―――――――――

**PER CURIAM:** Appellant Everett Davis seeks review of a decision of the South
Carolina Workers' Compensation Commission, arguing the Commission's

Appellate Panel (Appellate Panel) erred in finding: (1) Davis's knee condition and need for a knee replacement were not causally related to his work accident; and (2) Davis reached maximum medical improvement (MMI) for his left knee and back. We affirm in part and remand in part.

## I.      Knee Condition, Medical Treatment, and Relation to Work Accident

Davis argues that the only reasonable interpretation of the testimony of Dr. DaSilva, one of Davis's examining doctors, is that Davis's current left knee condition is causally related to the accident. Further, Davis asserts that his need for a knee replacement is likewise related to the accident. Southlake argues Dr. DaSilva's testimony is unambiguous—the severe arthritic condition of Davis's left knee was "preexisting" and "unrelated" to the accident. In turn, Southlake contends Davis's need for an arthritic knee replacement is unrelated to the accident. We agree with Southlake.

Under our standard of review, "[t]he findings of an administrative agency are presumed correct and will be set aside only if unsupported by substantial evidence." *Hargrove v. Titan Textile Co.*, 360 S.C. 276, 290, 599 S.E.2d 604, 611 (Ct. App. 2004) (citations omitted). Moreover, this court "is prohibited from overturning findings of fact of the Appellate Panel, unless there is no reasonable probability the facts could be as related by the witness upon whose testimony the finding was based." *Id.* (citation omitted).

Here, the Appellate Panel adopted the Single Commissioner's finding of fact that the evidence "could not be more clear" regarding the lack of a causal connection between Davis's work accident and his preexisting knee condition. That finding was based, in part, on the medical testimony of Dr. DaSilva, who clearly stated—and reiterated—that Davis's left knee condition was preexisting and unrelated to the accident.

Davis points to isolated excerpts from the testimony of Dr. DaSilva and another examining doctor, Dr. Drakeford, to support his argument that the accident precipitated his need for a knee replacement. Additionally, Davis argues that because the accident "aggravated" the condition in his knee, he is entitled to treatment pursuant to section 42-9-35 of the South Carolina Code (Supp. 2013). However, we find the medical evidence in the record does not support Davis's contentions, and, in any event, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings

from being supported by substantial evidence." *Tiller v. Nat'l Health Care Ctr. of Sumter*, 334 S.C. 333, 338, 513 S.E.2d 843, 845 (1999) (citing *Moore v. City of Easley*, 322 S.C. 455, 472 S.E.2d 626 (1996)).

In light of the doctors' testimony in the record, we affirm the Appellate Panel as to this issue because its finding that Davis's knee condition was unrelated to the accident is not clearly erroneous in view of the substantial evidence on the whole record. *See* S.C. Code Ann. § 1-23-380(5)(d), (e) (Supp. 2013) (setting forth the standard of review for appeals from administrative agencies); *Transp. Ins. Co. v. S.C. Second Injury Fund*, 389 S.C. 422, 427, 699 S.E.2d 687, 689–90 (2010) (stating appellate courts "can modify the [Appellate Panel's] decision . . . only if the [claimant's] substantial rights have been prejudiced because the decision is affected by an error of law or is clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record").

## II.    MMI Finding

Finally, Davis argues the Appellate Panel erred in finding he reached MMI for his left knee and back because there are not detailed findings of fact in the Appellate Panel's order. Specifically, Davis argues the Appellate Panel's statement is conclusory because it simply stated that it "base[d] this finding upon [Davis's] testimony and medical evidence in the record." We agree with Davis.

"The term 'maximum medical improvement' means a person has reached such a plateau that, in the physician's opinion, no further medical care or treatment will lessen the period of impairment." *Curiel v. Envtl. Mgmt. Servs. (MS)*, 376 S.C. 23, 29, 655 S.E.2d 482, 485 (2007) (citations omitted). "Maximum medical improvement is a factual determination by the [Appellate Panel]," and this determination "must be upheld on review unless unsupported by substantial evidence." *Id.* (citations omitted). Pursuant to section 1-23-350 of the South Carolina Code (2005), "[f]indings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." "While a finding of fact of the [Appellate Panel] will normally be upheld, such a finding may not be based upon surmise, conjecture, or speculation, but must be founded on evidence of sufficient substance to afford a reasonable basis for it." *Edwards v. Pettit Constr. Co.*, 273 S.C. 576, 579, 257 S.E.2d 754, 755 (1979) (citation omitted).

Here, the Appellate Panel's factual determination of MMI for Davis's left knee is not "founded on evidence of sufficient substance to afford a reasonable basis for it." *Id.* As Davis asserts, a conclusory statement that merely references the general medical evidence in the record—without citing to any specific doctor's opinion, testimony, or findings—leaves this court to question whether the finding is based on "surmise, conjecture, or speculation." *Id.* Because the Appellate Panel failed to cite specific facts to support the MMI determination, we remand this issue for more detailed findings. *See Canteen v. McLeod Reg'l Med. Ctr.*, 400 S.C. 551, 558–59, 735 S.E.2d 246, 250 (Ct. App. 2012) (remanding to the Appellate Panel because the Appellate Panel's findings were insufficient to enable meaningful review and to ascertain whether the evidence supported the findings).

**AFFIRMED IN PART AND REMANDED IN PART.**

**WILLIAMS, GEATHERS, and McDONALD, JJ., concur.**