**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Juan Yslas, Jr., Employee, Appellant,

v.

Juan Yslas, Employer, Riverport Insurance, Alleged Carrier for Employer, Full Circle Construction, Alleged Statutory Employer, and The South Carolina Uninsured Employer's Fund, Defendants,

Of Whom Juan Yslas, Riverport Insurance, and Full Circle Construction are the Respondents.

Appellate Case No. 2013-002025

Appeal From The Workers' Compensation Commission

Unpublished Opinion No. 2015-UP-186
Submitted March 1, 2015 – Filed April 8, 2015

**AFFIRMED**

James H. Moss, of Moss Kuhn & Fleming, PA, of Beaufort, for Appellant.

Ryan Spence Montgomery, of Ryan Montgomery Attorney at Law, LLC, of Greenville, for Respondents Juan Yslas and Full Circle Construction; Allison Molony

Carter, of Willson Jones Carter & Baxley, P.A., of Mount Pleasant, for Respondent Riverpoint Insurance; Weston Adams, III, of McAngus Goudelock & Courie, LLC, of Columbia, for Respondent Full Circle Construction; Otto Edworth Liipfert, III, of Griffith Sadler & Sharp, PA, of Beaufort, for Respondents Juan Yslas and The South Carolina Uninsured Employer's Fund; and Helen Faith Hiser, of McAngus Goudelock & Courie, LLC, of Mount Pleasant, for Respondent Full Circle Construction.

---

**PER CURIAM:**  Juan Yslas, Jr. appeals an order of the Appellate Panel of the Workers' Compensation Commission (the Appellate Panel) denying his request for benefits and referring him to the Attorney General for potential prosecution for fraud.  On appeal, Yslas argues the Appellate Panel's order is vague, ambiguous, and subject to contradiction, and he asks this court to find the order has no preclusive effect on any subsequent litigation.  He also argues the Appellate Panel erred by finding he was not a statutory employee of Full Circle Construction, LLC (Full Circle) because he was excluded from coverage under his own workers' compensation insurance policy, and by finding he was thus excluded from coverage under the Workers' Compensation Act.  Finally, Yslas argues the Appellate Panel erred by finding he failed to honestly complete his insurance application with People's Choice Insurance Agency and referring him to the Attorney General.  We affirm.

1.  We find the Appellate Panel's order is not ambiguous or contradictory when fairly read in its entirety.  *See Weil v. Weil*, 299 S.C. 84, 90, 382 S.E.2d 471, 474 (Ct. App. 1989) ("The determinative factor [when construing a judgment] is the intent of the court, as gathered, not from an isolated part thereof, but from all the parts of the judgment itself.").

2.  We find Yslas was not Full Circle's statutory employee.  *See* S.C. Code Ann. § 42-1-130 (2015) ("Any sole proprietor or partner of a business whose employees are eligible for benefits under this title may elect to be included as employees under the workers' compensation coverage of the business if they are actively engaged in the operation of the business and if the insurer is notified of their election to be included.  Any sole proprietor or partner, upon this election, is entitled to employee benefits and is subject to employee responsibilities prescribed in this title."); *Smith v. Squires Timber Co.*, 311 S.C. 321, 325, 428 S.E.2d 878,

880 (1993) ("[A]n independent contractor may be a statutory employee *if he has elected coverage pursuant to section 42-1-130*." (emphasis added)); *Carver v. Bill Pridemore & Co.*, 278 S.C. 235, 236-38, 294 S.E.2d 419, 420-21 (1982) (holding a partner or sole proprietor of a business must elect for coverage under section 42-1-130 to be considered a statutory employee).

3.  We find the Appellate Panel did not err by finding Yslas failed to honestly complete his insurance application with People's Choice Insurance Agency and referring him to the Attorney General.  *See Pollack v. S. Wine & Spirits of Am.*, 405 S.C. 9, 14, 747 S.E.2d 430, 432 (2013) ("This [c]ourt will not overturn a decision by the [Appellate Panel] unless the determination is unsupported by substantial evidence." (internal quotation marks omitted)); S.C. Code Ann. § 42-9-440 (2015) ("The commission shall report all cases of suspected false statement or misrepresentation, as defined in [s]ection 38-55-530(D), to the Insurance Fraud Division of the Office of the Attorney General for investigation and prosecution, if warranted, pursuant to the Omnibus Insurance Fraud and Reporting Immunity Act."); S.C. Code Ann. § 38-55-530(D) (2015) ("'False statement or misrepresentation' specifically includes, but is not limited to, an intentional . . . miscount or misclassification by an employer of its employees . . . .").

**AFFIRMED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.