**Dave HALL, Appellant,**

v.

**ISLAND CREEK COAL COMPANY et al.,
Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1971.

Rehearing Denied Feb. 4, 1972.

Robert J. Greene, Perry & Greene, Paintsville, for appellant.

Fred G. Francis, Prestonsburg, Martin Glazer, Dept. of Labor, Thomas R. Emerson, Frankfort, Gemma M. Harding, Louisville, for appellees.

NEIKIRK, Judge.

Dave Hall filed an application with the Workmen's Compensation Board, alleging that he had contracted pneumoconiosis during the course of his employment with the Island Creek Coal Company. The Workmen's Compensation Board entered an opinion and order dismissing the claim, finding that he did not have pneumoconiosis. On appeal, the Floyd Circuit Court affirmed the Board. Hall now appeals to this court. We affirm.

Appellant worked for approximately ten years as a bit sharpener inside a building on the outside of the company's mine. The shop was a small block building, with no windows. Hall testified that the air that circulated into and out of the mine traveled through the shop in which he worked; that the air he breathed had the same characteristics as the air breathed by miners inside the mine; and that he was exposed to dust in sharpening the dust-covered bits that came out of the mine.

■ The sole issue before this court is whether the Board erred in rejecting the testimony of the majority of the physicians who testified for Hall and in accepting adverse testimony.

■ In reviewing all the evidence, we find that the Board's decision was reasonable and proper. It is obvious that the Board found that the testimony of some of the physicians did not carry the quality of proof to persuade the Board to find in appellant's favor. It is within the province of the Board to determine the quality, character, and substance of the testimony. Here, the Board, as finder of fact, based its determination of the probative value of

the medical evidence before it on quality, not quantity. Where there is conflicting evidence as to facts, the Board's findings will not be disturbed. Thompson v. Kentucky Appalachian Industries, Inc., Ky., 451 S.W.2d 655. In Newsome v. Island Creek Coal Company, Ky., 459 S.W.2d 145, we said:

" * * * Where relevant and credible evidence from expert witnesses equally qualified to give medical-opinion evidence is in direct conflict, the court, on judicial review of a decision made by the fact finder, cannot substitute its evaluation of such evidence for that of the fact finder (in this instance the board) whose duty it is to evaluate this kind of evidence. * * *"

The judgment is affirmed.

All concur.