**John W. YOUNG, Commissioner of Labor of the Commonwealth of Kentucky and Custodian of the Special Fund, Appellant,**

v.

**George KIMBLER, Jr., et al., Appellees.**

Court of Appeals of Kentucky.

April 28, 1972.

Thomas R. Emerson, Dept. of Labor, Frankfort, Gemma M. Harding, Dept. of Labor, Louisville, for appellant.

Perry & Greene, Paintsville, for appellee George Kimbler, Jr.

J. K. Wells, Paintsville, for appellee F & R Coal Co.

GARDNER, Commissioner.

The circuit court upheld the opinion and award of the Workmen's Compensation Board which determined that claimant was entitled to benefits based on total permanent disability to be paid by Special Fund. The employer, F & R Coal Company, was directed to pay the medical expenses. Only Special Fund appeals. We affirm.

Claimant's testimony might be summarized as follows. At the time of filing his workmen's compensation application

claimant was 35 years of age, had never attended school, and could not sign his name. Coal mining was his only source of income. He was employed by Witten Coal Company from 1955 to 1967 where he performed underground work. During the latter part of this employment he noticed he became short of breath, but did not recognize the trouble as silicosis until several years later. He was employed by F & R Coal Company for two years from 1967 to 1969 where, according to his testimony, "I bugged or worked after the machine, removed bug dust, and run a shuttle buggy." "I just shoveled the coal dust back that the fellow cuts out from the coal." Claimant stopped working for F & R Coal Company "Because I just smothered out." After remaining idle for four or five months claimant and another started a small mining operation of their own but this business continued only two months. Claimant was asked, "Well, if you were smothering out at the F & R Coal Company, why did you go into another mine that you opened yourself? He answered, "Well, I just couldn't hop up and quit. I had to make some way to live." About three months had passed when claimant started working for Paul Daniels Coal Company. He worked three days when he quit because "I smothered out."

The board found that claimant was suffering from silicosis. Special Fund does not question that finding but contends claimant is not entitled to compensation because he had not been exposed to the hazards of the disease for two years immediately next before his disability, as required by KRS 342.316(4) which provides:

"In claims for compensation due to the occupational disease of silicosis or any other compensable pneumoconiosis it must be shown that the employe was exposed to the hazards of the disease in his employment within this state for at least two years immediately next before his disability or death."

The board found that claimant was employed by Witten Coal Company from 1955

to 1967 and that he was employed by F & R Coal Company for two years from 1967 to 1969. The record discloses that after the termination of his employment with F & R Coal Company claimant operated a coal mine on his own for two months, and after that worked a few days for the Paul Daniels Coal Company. The board further found that claimant was last exposed to the hazards of silicosis for a period of six months or more while employed by F & R Coal Company and the exposure continued for at least two years immediately next before the disability.

Special Fund develops its contention by saying the evidence conclusively disclosed that claimant worked for F & R Coal Company only 42 days during a period of about four months which, it insists, was far short of the two-year requirement of KRS 342.316(4). Claimant testified categorically that he was employed by F & R Coal Company for two years next before his disability. Other than the statement of Fred VanHoose, one of the owners of F & R Coal Company, and that of the claimant, neither side presented any significant evidence in support of the respective contentions of the duration of employment. The evidence discloses that F & R Coal Company had no record of the date of the commencement or the termination of claimant's employment. The board pointed out that F & R Coal Company paid its employees in currency without even placing the money in envelopes.

On the conflicting verbal statements of VanHoose and the claimant the board accepted the truth of claimant's statement. We cannot say the finding of the board was clearly erroneous, thus under the holding of Hall v. Island Creek Coal Company, Ky., 474 S.W.2d 890 (1972), and numerous other cases, the finding will not be disturbed.

Special Fund also contends that if it be determined that the last employment where defendant became affected was with Witten Coal Company then he is precluded

from recovery because he ceased working for Witten in 1967, more than two years before he became disabled. This last contention of Special Fund is moot since the board found that Special Fund was liable, based on claimant's employment with F & R Coal Company for two years immediately next before his disability.

Special Fund's final argument is that since the Paul Daniels Coal Company was not operating under the Workmen's Compensation Act the board had no jurisdiction. KRS 342.316(13) (a) provides:

"The employer liable for compensation * * * for silicosis and any other compensable pneumoconiosis, shall be the employer in whose employment the employe was last exposed to the hazard of such occupational disease during a period of six months or more. In those cases where disability or death are not conclusively proven to be the result of such last exposure all compensation shall be paid out of the Subsequent Claim Fund. * * *."

No liability was sought to be attached or could attach to the Paul Daniels Coal Company under the circumstances of this case, so it is immaterial whether the company was operating under the compensation Act.

The effect of the short periods of employment subsequent to that of F & R Coal Company, as they might have a bearing on the date of claimant's disability, as defined by Allen v. Commonwealth, Department of Highways, Ky., 425 S.W.2d 283 (1968), and kindred cases, was not presented by the parties and we are not constrained to initiate the argument.

The judgment is affirmed.

STEINFELD, C. J., and EDWARD P. HILL, Jr., MILLIKEN, NEIKIRK, PALMORE and REED, JJ., concur.