Arvous McCLOUD, Appellant,

v.

BETH–ELKHORN CORPORATION et al.,
Appellees.

Court of Appeals of Kentucky.

Sept. 13, 1974.

H. B. Noble, Hazard, for appellant.

Harry C. Campbell, Pikeville, Robert D. Hawkins, Dept. of Labor, Frankfort, for appellees.

CATINNA, Commissioner.

The Workmen's Compensation Board found that Arvous McCloud became totally and permanently disabled on or about January 16, 1971, as a result of the occupational disease of silicosis. The Special Fund appealed from the order of the Board to the Letcher Circuit Court, claiming that the order of the Board was clearly erroneous and contrary to the provisions of KRS 342.285(3)(a), (c), (d), and (e).

The trial court set aside the order of the Board and remanded the case to the Board with directions that it appoint disinterested physicians under KRS 342.315. McCloud appeals.

The only question presented to us upon this appeal concerns the weight assigned by the Board to the testimony of the physicians who testified on behalf of the parties. Three doctors testified that McCloud was afflicted with silicosis and that he was permanently and totally disabled. Six doctors testified that they found no silicosis upon their examination of McCloud. The arguments presented in the briefs are a reminder of the nostalgic cartoon of the two little boys arguing, "My daddy can whip your daddy." The position of the Special Fund and Beth-Elkhorn appears in one of the briefs as follows:

"When we argued this case before the Letcher Circuit Court we advanced the

argument that our medical evidence 'was of such persuasive force that it was clearly unreasonable for the Board not to be convinced by it' (see Inland Steel Company v. Johnson [Ky.], 1969, 439 S. W.2d 562.) We argued that our several medical experts had qualifications which were so far superior to those of the few medical men testifying for the claimant that as a matter of law the Board was obliged to dismiss the claim."

This argument completely avoids the real issue presented by this appeal. The basic question to be considered is whether there is substantial evidence which will support the findings of the Board. Smyzer v. B. F. Goodrich Chemical Company, Ky., 474 S.W.2d 367 (1971). The probative value of evidence is not determined by the number of doctors who testify. The fact that a doctor is a Board-certified specialist goes only to the weight to be given his testimony, and the court is not required to disregard the testimony of a doctor who is not so certified.

We have examined the record, including the testimony of all the doctors and, in particular, the testimony of the three doctors who appeared on behalf of McCloud. Their evidence was direct, positive, and of such nature that it afforded a firm basis upon which the Board could conclude that McCloud was afflicted with silicosis and was permanently and totally disabled.

In Hall v. Island Creek Coal Company, Ky., 474 S.W.2d 890 (1971), we said:

"In reviewing all the evidence, we find that the Board's decision was reasonable and proper. It is obvious that the Board found that the testimony of some of the physicians did not carry the quality of proof to persuade the Board to find in appellant's favor. It is within the province of the Board to determine the quality, character, and substance of the testimony. Here, the Board, as finder of fact, based its determination of the pro-

bative value of the medical evidence before it on quality, not quantity. Where there is conflicting evidence as to facts, the Board's findings will not be disturbed."

Cf. Young v. Burgett, Ky., 483 S.W.2d 450 (1972); Newsome v. Island Creek Coal Company, Ky., 459 S.W.2d 145 (1970).

The judgment is reversed with directions that a new judgment be entered upholding the award of the Workmen's Compensation Board.

All concur.