# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: DECEMBER 18, 2014
NOT TO BE PUBLISHED

Supreme Court of Kentucky

**FINAL**

2014-SC-000085-WC

**DATE** 4-2-15 *E.A.Grown.P.C.*

JOHNNY WILDER                         APPELLANT


ON APPEAL FROM COURT OF APPEALS
V.            CASE NO. 2013-CA-000820-WC
WORKERS' COMPENSATION NO. 11-01566


ENTERPRISE MINING;
HONORABLE WILLIAM J. RUDLOFF,
ADMINISTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD                APPELLEES


### MEMORANDUM OPINION OF THE COURT

### <u>REVERSING</u>

Appellant, Johnny Wilder, appeals from a Court of Appeals decision which reversed his award of permanent total disability ("PTD") benefits. Wilder argues that the Court of Appeals erred in reversing his award because the ALJ had sole discretion to grant an award of PTD benefits and there is substantial evidence to support the decision. For the below stated reasons, we reverse the Court of Appeals.

Wilder was employed by Appellee, Enterprise Mining, for approximately eleven years as a heavy equipment operator. On April 27, 2011, he stopped working due to severe back and neck pain which was so unbearable that he was unable to safely operate machinery. Wilder filed a Form 101 on

December 5, 2011, alleging cumulative trauma injuries caused during his employment with Enterprise.

Wilder testified as a part of his claim. He stated that he only has an eighth grade education and has not obtained a GED. Wilder's job experience included working as a heavy equipment operator in coal mines for over twenty years. As a result of this employment, he experienced repetitive trauma to his back and neck. Wilder testified that he did not experience any significant symptoms due to the trauma prior to April 2010. However, in April 2010, he began to feel pain but continued to work until his doctor informed him that his job caused his condition. Wilder still experiences pain in his neck, back, elbows, knees, ankles, shoulders, hands, left wrist, and joints. Wilder can walk using a walker or cane, but his doctors recommend he use a wheelchair. Wilder also suffers from non-work related degenerative arthritis.[1]

Wilder was examined by several medical experts as a part of his claim. Of particular interest is the report of orthopedic surgeon Robert Johnson. Dr. Johnson assigned Wilder a 45% whole person impairment according to the AMA *Guides to the Evaluation of Permanent Impairment*, Fifth Edition, of which he believed 9% was caused by work-related cumulative trauma. The other 36% of the impairment was due to the non-work related degenerative arthritis. Dr. Johnson also believed that Wilder not only lacked the physical capacity to perform his pre-injury job but also could not hold any gainful employment due to pain and mobility restrictions.

---

[1] Wilder suffers from ankylosing spondylitis.

Dr. Richard Sheridan also examined Wilder. He believed that all of Wilder's complaints were caused by either degenerative arthritis or Marie-Strumpell disease. Dr. Sheridan did not believe Wilder's pain was work-related and assigned no permanent partial impairment rating or work restrictions.

After a review of the evidence, the ALJ rendered an opinion and order which found Wilder was entitled to PTD benefits. However, due to an unrelated issue, the Board reversed the ALJ and remanded the matter for him to consider Dr. Sheridan's deposition testimony. After a review of that testimony, the ALJ again entered an opinion and award finding that Wilder was entitled to PTD benefits. In so finding, the ALJ stated:

> [Wilder] argues that he has sustained a 9% whole person physical impairment and as a result of the work injury. He further argues that he is permanently and totally disabled from work. The defendant argues that the plaintiff sustained no new injury from the work incident.
>
> . . .
>
> In the present case the ALJ finds more convincing the opinions of Dr. Johnson. His opinion comports with the treatment records and with the ALJ's perception of [Wilder]. I, therefore find that the plaintiff has sustained a 9% physical whole person impairment.
>
> . . .
>
> "'Permanent total disability"' means the condition of an employee who, due to an injury, has a permanent disability rating and has a complete and permanent inability to perform any type of work as a result of an injury . . .' [KRS] 342.0011. To determine if an injured employee is permanently totally disabled, an ALJ must consider what impact the employee's post-injury physical, emotional, and intellectual state has on the employee's ability 'to find work consistently under normal employment conditions . . . . [and] to work dependably[.]' *Ira A. Watson Dept. Store v. Hamilton,* 34 S.W.3d 48, 51 (Ky. 2000). In making that determination,
>> the ALJ must necessarily consider the worker's
>> medical condition . . . [however,] the ALJ is not

3

required to rely upon the vocational opinions of either the medical experts or the vocational experts. A worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured.

*Id.* at 52 (Internal citations omitted). Also, a worker's testimony is competent evidence of his physical condition and of his ability to perform various activities both before and after being injured. *Id.*; *see also Hush v. Abrams*, 584 S.W.2d 48 (Ky. 1979).

In the present case the ALJ considers [Wilder's] debilitating physical injuries, his limited education and lack of transferrable skills, alongside his work history. [Wilder's] injuries necessitate that he cease working and use a walker or wheelchair just to get around. In spite of his occupational youth, [Wilder] has a steady work history. Thus the ALJ finds most persuasive the opinions of Dr. Johnson and Mr. Ellis. The ALJ is persuaded that if [Wilder] could work, he would be working. I therefore find that [Wilder] is permanently and totally disabled.

The Board affirmed the ALJ's opinion and order.

Enterprise appealed to the Court of Appeals who reversed the award of permanent and total disability benefits in a two to one opinion. The majority opinion believed that the ALJ erroneously relied on Dr. Johnson's report for three reasons: 1) the report only attributed Wilder's back and neck condition to the work-related cumulative trauma; 2) the report did not specifically state that Wilder's cumulative trauma prevented Wilder from being able to work; and 3) the ALJ misinterpreted a section of the report where Dr. Johnson states that Wilder does not retain the physical capacity to return to his prior employment. On remand the ALJ was instructed to enter an award in Wilder's favor for permanent partial disability benefits based on the 9% impairment rating. Judge Thompson dissented because he believed that the ALJ's decision to rely on Dr. Johnson's report in finding that Wilder was permanently and totally disabled was within his discretion as fact finder. This appeal followed.

4

In reviewing Wilder's argument, we note that the Court of Appeals only needed to reverse the Board "if it overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as of to cause gross injustice." *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687-688 (Ky. 1992). The ALJ has the sole authority to determine the weight, credibility, substance, and inference to be drawn from the evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). Further,

> [t]he standard of review with regard to a judicial appeal of an administrative decision is limited to determining whether the decision was erroneous as a matter of law. Where the ALJ determines that a worker has satisfied his burden of proof with regard to a question of fact, the issue on appeal is whether substantial evidence supported the determination. Substantial evidence has been defined as some evidence of substance and relevant consequence, having the fitness to induce conviction in the minds of reasonable people. Although a party may note evidence which would have supported a conclusion contrary to the ALJ's decision, such evidence is not an adequate basis for reversal on appeal. The crux of the inquiry on appeal is whether the finding which was made is so unreasonable under the evidence that it must be viewed as erroneous as a matter of law.

*Ira A. Watson Department Store v. Hamilton*, 34 S.W.3d 48, 52 (Ky. 2000). Keeping these standards in mind, we reverse the Court of Appeals.

The majority opinion attempts to take over the fact finding role from the ALJ. The Court of Appeals was charged with reviewing the ALJ's opinion and award to determine whether substantial evidence supported the finding that Wilder is permanently and totally disabled as a result of cumulative trauma suffered while working at Enterprise Mining. Instead the Court of Appeals interpreted the evidence in a manner to support its own conclusion. The ALJ was free to interpret Dr. Johnson's medical report and the ALJ's conclusions

based on those interpretations were not unreasonable. Additionally, the ALJ cited not only to Dr. Johnson's report to support his findings but also to a vocational review, Wilder's limited education, and that Wilder must use a walker or wheelchair just to move around in finding that he was permanently and totally disabled. While evidence was presented to counter the ALJ's conclusion, the mere fact that contrary evidence could lead to a different result does not provide grounds to reverse the ALJ. *Id.*; *McCloud v. Beth-Elkhorn Corp.*, 514 S.W.2d 46, 47 (Ky. 1974). Additionally, while it is clear that Wilder's degenerative arthritis is a large part of his disability, the ALJ was within his discretion to find that the work-related cumulative trauma also prevented Wilder from working. We cannot say that the ALJ's conclusion was so unreasonable to compel a reversal of his opinion because substantial evidence supported it.

For the above stated reasons, we reverse the opinion of the Court of Appeals.

All sitting. All concur.


COUNSEL FOR APPELLANT,
JOHNNY WILDER:

McKinnley Morgan


COUNSEL FOR APPELLEE,
ENTERPRISE MINING:

Jeffrey Dale Damron