# IMPORTANT NOTICE
# <u>NOT TO BE PUBLISHED OPINION</u>

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED."
PURSUANT TO THE RULES OF CIVIL PROCEDURE
PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C),
THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE
CITED OR USED AS BINDING PRECEDENT IN ANY OTHER
CASE IN ANY COURT OF THIS STATE; HOWEVER,
UNPUBLISHED KENTUCKY APPELLATE DECISIONS,
RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR
CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED
OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE
BEFORE THE COURT. OPINIONS CITED FOR CONSIDERATION
BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED
DECISION IN THE FILED DOCUMENT AND A COPY OF THE
ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE
DOCUMENT TO THE COURT AND ALL PARTIES TO THE
ACTION.

RENDERED: MARCH 26, 2020
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2019-SC-000418-WC

REX COAL CO., INC.                                                          APPELLANT


ON APPEAL FROM COURT OF APPEALS

V.                                    CASE NO. 2019-CA-000037

WORKERS' COMPENSATION BOARD NO. 17-WC-00282


EARL BEGLEY; HONORABLE R. ROLAND                          APPELLEES
CASE, ADMINSTRATIVE LAW JUDGE; AND
WORKERS' COMPENSATION BOARD


**MEMORANDUM OPINION OF THE COURT**

**AFFIRMING**


Earl Begley developed coal workers' pneumoconiosis (CWP) over the course of his employment in the coal mines in Eastern Kentucky. He initiated a claim for benefits pursuant to Kentucky Revised Statutes (KRS) Chapter 342, the Workers' Compensation chapter. After reviewing the evidence, an Administrative Law Judge (ALJ) granted income benefits to Begley, commencing those benefits on the last day of his employment with Rex Coal Co., Inc. (Rex Coal). Rex Coal appealed to the Workers' Compensation Board (the Board) which affirmed the ALJ. Rex Coal next appealed to the Court of

Appeals, which affirmed the Board's decision. Rex Coal now appeals to this Court.

## I.    BACKGROUND

Begley worked in the coal industry for approximately twenty (20) years. His last employer in that industry was Rex Coal, with whom he was employed from 1999 until he was laid off in November 2015. His last date of work with Rex Coal was November 8, 2015. After being laid off, Begley collected unemployment benefits for approximately six (6) months before obtaining employment as a bus driver for the Harlan County Board of Education. He did not return to a job involving the severance or processing of coal.[1]

On January 20, 2017, Begley was diagnosed with simple CWP, category 1/2 by Dr. Glen Baker. On February 16, 2017, Begley filed a Form 102 Application for Resolution of Claim – Occupational Disease, alleging that he suffers from CWP. On July 21, 2017, Begley was evaluated by Dr. Thomas Jarboe, who was hired by Rex Coal. Dr. Jarboe opined that Begley did not suffer from CWP. Begley next underwent an evaluation by Dr. Sanjay Chavda on April 26, 2018. He was directed to see Dr. Chavda by the Department of Workers' Claims, pursuant to KRS 342.316.[2] Dr. Chavda relied on an x-ray

---

[1] KRS 342.732(6) prohibits income or retraining incentive benefits to be paid to an employee while the employee "is working in the mining industry in the severance or processing of coal."

[2] KRS 342.316(4)(b) states as follows:

The procedure for determination of occupational disease claims shall be as follows:...

b. The commissioner shall assign the claim to an administrative law judge and shall promptly refer the employee to a duly qualified "B" reader

2

performed by Dr. Crum and agreed with Dr. Crum in determining that Begley suffers from CWP category 2/2. Dr. Chavda further found Begley's FEV2 and FVC functions[3] were greater than 80%. Finally, Dr. William Kendall, hired by Rex Coal, reviewed Begley's three previous x-rays and found no evidence of CWP.

The ALJ reviewed all of the evidence presented to him and entered an opinion, order, and award. The ALJ relied on Dr. Chavda's conclusions and thus found that Begley had a 25% disability rating[4] and awarded permanent partial disability benefits commencing on July 7, 2014. The ALJ later corrected the commencement date of benefits to November 8, 2015, Begley's last day of exposure, seemingly indicating that the July 7, 2014 date included in his original order was merely a typographical error.

Rex Coal filed a petition for reconsideration asserting that the ALJ erroneously relied on Dr. Chavda's opinion and that the commencement date of the benefits was contrary to KRS 342.316(1)(b).[5] Rex Coal's argument regarding the commencement date of the benefit payments is the only relevant argument

---

physician who is licensed in the Commonwealth and is a board-certified pulmonary specialist as set forth pursuant to KRS 342.315 and 342.794(1). The report from this examination shall be provided to all parties of record.

[3] FEV2 and FVC are measures of pulmonary function as determined by spirometric testing.

[4] KRS 342.732(1)(b)1 creates an irrebuttable presumption of a 25% disability rating for a claimant with category 2/2 CWP and spirometric test values of 80% or more of the predicted normal values.

[5] KRS 342.316(1)(b) states, "The time of the beginning of compensation payments shall be the date of the employee's last injurious exposure to the cause of the disease, or the date of actual disability, whichever is later."

3

to this appeal. Rex Coal argued that the proper award must begin on the date Begley's CWP "actually manifested." Rex Coal further argued that no evidence was presented that Begley suffered from CWP on the date of his last exposure and that the earliest indication that Begley had acquired CWP was the x-ray performed by Dr. Baker on January 20, 2017. The date of this x-ray, being later than the date of Begley's last injurious exposure, was the correct commencement date of Begley's benefits. Therefore, Rex Coal argued, the ALJ erred in commencing Begley's benefits on the date of his last exposure.

The ALJ overruled Rex Coal's petition for reconsideration, again relying on Dr. Chavda's opinions and finding that Begley's last date of exposure was the appropriate commencement date of benefits, as Begley reported experiencing shortness of breath and cough prior to the end of his employment in the coal mines. Specifically, the ALJ said, "attention is directed to the report of Dr. Chavda wherein he indicated Mr. Begley has had shortness of breath and cough for four years, which would be prior to him ceasing to labor." Therefore, the ALJ found that commencing Begley's benefits on the date of his last injurious exposure was consistent with KRS 342.316(1)(b).

Rex Coal appealed to the Board arguing only that, pursuant to KRS 342.316, the commencement date of the benefits should have been January 20, 2017, the date on which Begley was first diagnosed with CWP. The Board, however, unanimously affirmed the ALJ, determining that a claimant could "suffer[] from the harmful effects of CWP prior to the time" he is diagnosed with the disease. In this case, the Board acknowledged that none of the physicians

4

offered an opinion specifically addressing when Begley first began suffering from the harmful effects of CWP. Nonetheless, the Board noted that Dr. Chavda's and Dr. Jarboe's reports both established that Begley reported experiencing the symptoms of CWP years prior to their examinations and well before the date of Begley's last injurious exposure. The Board found the reports of Dr. Chavda and Dr. Jarboe to constitute the requisite medical evidence to support the ALJ's decision. Therefore, the Board concluded, substantial evidence supported the ALJ's determination to begin the award on the date of Begley's last injurious exposure.

Rex Coal then appealed to the Court of Appeals. The Court of Appeals noted, as did the Board, that none of the physicians offered an opinion on when Begley's CWP became disabling. We note that it does not appear any of the physicians were ever asked when Begley's CWP became disabling. The Court of Appeals, however, held that substantial evidence supported the ALJ's finding regarding commencement of payments, relying on the reports of Dr. Chavda and Dr. Jarboe. The Court of Appeals unanimously affirmed the Board.

Having reviewed the record and the law, we affirm the Court of Appeals.

## II. STANDARD OF REVIEW

Review by this Court of workers' compensation cases is limited "to address[ing] new or novel questions of statutory construction, or to reconsider[ing] precedent when such appears necessary, or to review[ing] a question of constitutional magnitude." *Western Baptist Hospital v. Kelly*, 827 S.W.2d 685, 687 (Ky. 1992). Rex Coal argues that this case is a matter of

5

statutory interpretation and that this Court must engage in a de novo review of the ALJ's decision. *See Saint Joseph Hospital v. Frye*, 415 S.W.3d 631, 632 (Ky. 2013). We disagree.

First, Rex Coal's argument to the lower courts as well as to this Court includes the assertion that the statutory language of KRS 342.316 is clear and unambiguous. Further, in its petition for reconsideration to the ALJ, Rex Coal merely argued that there was *no evidence* Begley's actual disability began when employment ceased. To support this, Rex Coal argued to the ALJ that Begley received unemployment benefits which required that he certify that he was able to work; that there was no evidence Begley suffered from CWP on the date of his last injurious exposure; and that there was no indication in the record that Begley had CWP prior to his diagnosis. Rex Coal urged the ALJ to "issue a decision supported by the record, pointing out the specific evidence that supports his decision." Not once did Rex Coal argue to the ALJ that KRS 342.316 needed to be interpreted or that the ALJ's interpretation of the language of that statute was incorrect. Rex Coal merely argued that the evidence did not support the ALJ's decision. This Court has long held that a litigant is not permitted to "feed one can of worms to the trial judge and another to the appellate court." *Kennedy v. Commonwealth*, 544 S.W.2d 219, 222 (Ky. 1976), *overruled on other grounds by Wilburn v. Commonwealth*, 312 S.W.3d 321 (Ky. 2010).

At all appellate levels, Rex Coal has argued that the ALJ's award was "in direct conflict with the plain and explicit language of the statute." Rex Coal has

6

also argued that the language of KRS 342.316 is clear and unambiguous. Yet, Rex Coal now implores this Court to engage in a de novo review of a statute that Rex Coal argues has both "plain and explicit" and "clear and unambiguous" language. Therefore, we question the basis of Rex Coal's arguments regarding the standard of review and whether those arguments were properly presented to the ALJ and lower courts.

Regardless of the arguments to the lower courts, however, based on our review of the arguments of the parties and the entire record, we need not engage in a de novo review of the ALJ's decision. This case does not require us "to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude." *Kelly*, 827 S.W.2d at 687. KRS 342.316 is sufficient as written, and therefore, we have the ability to decide this matter. We must merely determine if the ALJ's decision was supported by substantial evidence. *See Wetherby v. Amazon.com*, 580 S.W.3d 521, 526 (Ky. 2019).

The ALJ has the sole discretion to determine the quality, character, and substance of the evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). In doing so, an ALJ may reject any testimony and believe or disbelieve various parts of the evidence, regardless of whether it comes from the same witness or the same party's total proof. *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky. 1977). When the evidence is conflicting, it is for the ALJ to choose whom and what to believe. *Pruitt v. Bugg Brothers*, 547 S.W.2d 123 (Ky. 1977). However, when there are mixed questions of fact and

7

law, we have greater latitude in determining if the underlying decision is supported by probative evidence. *Purchase Transportation Services v. Estate of Wilson*, 39 S.W.3d 816, 817–18 (Ky. 2001).

A finding that favors the party with the burden of proof must be upheld on appeal if it is supported by substantial evidence. *Wetherby*, 580 S.W.3d at 526 (citing *Whittaker v. Rowland*, 998 S.W.2d 479, 481-82 (Ky. 1999)). Substantial evidence has been defined as "evidence of substance and relevant consequence having the fitness to induce conviction in the minds of reasonable men." *Miller v. Tema Isenmann, Inc.*, 542 S.W.3d 265, 270 (Ky. 2018) (internal quotation marks omitted) (quoting *Smyzer v. B.F. Goodrich Chemical Co.*, 474 S.W.2d 367 (Ky. 1971)). Where such evidence supports a decision, the mere existence of evidence that would have supported a different result is an inadequate basis for reversal on appeal. *McCloud v. Beth–Elkhorn Corp.*, 514 S.W.2d 46 (Ky. 1974). With these standards in mind, we review the issue raised on appeal.

### III. ANALYSIS

KRS 342.316(1)(b) states, "The time of the beginning of compensation payments shall be the date of the employee's last injurious exposure to the cause of the disease, or the date of actual disability, whichever is later." It is undisputed that the date of Begley's last injurious exposure is November 8, 2015. This is the date upon which the ALJ began his benefit payments. We must determine whether substantial evidence exists in the record to support

the ALJ's order commencing Begley's benefits payments on the date of his last injurious exposure.

Rex Coal argues that there is no evidence in the record that Begley was disabled by CWP prior to the cessation of his employment. Rex Coal points out that Begley received unemployment benefits which required that he certify he had the ability to work, and subsequently obtained other employment. Finally, Rex Coal argues that there is no medical evidence in the record that Begley's reported symptoms were a result of CWP as opposed to the bronchitis and other respiratory issues he had experienced for years.

Begley, on the other hand, argues that he became disabled on the date of his last exposure. He supports this by pointing out that there was no evidence he was exposed to coal dust after the last date of his employment with Rex Coal and that there was no evidence the disease progressed after that date. Although he does not expressly argue this, he seems to conclude that he must have had CWP on the date of his last exposure and therefore was disabled no later than that date.

As the Board and Court of Appeals noted, none of the doctors who examined Begley specified when Begley's CWP became disabling. Dr. Chavda's report includes a section titled "Plaintiff related history of complaints allegedly due to coal workers' pneumoconiosis." In that section, Dr. Chavda wrote:

> He has had sputum production for about 2 years, 1 tbsp full, yellow in nature every day. He has wheezing every day for 4 years. He has shortness of breath with exertion such as walking for about 4 years, cough every day for 4 years. For 3 years he has had 1 pillow orthopnea. He has no smoking history.

Dr. Chavda's examination was done in April of 2018, thus placing Begley's earliest complaints of symptoms in 2014, which was prior to the end of his employment with Rex Coal. Dr. Chavda also noted that Begley was negative for chronic bronchitis and COPD and that Begley had been using Albuterol inhalers about seven times a week for the last four years.

During his examination of Begley on June 22, 2017, Dr. Jarboe noted the following complaints:

> Mr. Begley is short of breath walking 100 yards on level ground at a regular pace. He has noted this for the last 4 to 5 years. He has a daily cough that is mostly dry. His chest wheezes every now and then. He estimates he will wheeze 2 to 3 days of the week. He uses a metered-dose inhaler 4 to 5 times per week. He does not have to use the inhaler often at night. He says that he cannot sleep on his back because he feels like there is pressure in his chest. His wheezing and shortness of breath are worse with perfumes.

Four to five years prior to Dr. Jarboe's examination would place Begley's earliest complaints of symptoms in approximately 2012 or 2013, which was prior to the end of his employment with Rex Coal. Although Dr. Jarboe found no evidence of CWP, he did find some mild ventilatory impairment.

After a thorough review of the record, it is clear that Dr. Chavda's and Dr. Jarboe's reports constitute substantial evidence to support the ALJ's determination to begin Begley's benefits payments on the date of his last injurious exposure. It is of no consequence that Begley was receiving unemployment benefits and subsequently obtained other employment. He was working as a school bus driver, a job he evidently could perform even though he suffered from the above-mentioned limitations. "[A] worker is not required to undertake less demanding work responsibilities or to quit working entirely in

10

order to establish an occupational disability." *Alcan Foil Products, a Div. of Alcan Aluminum Corp. v. Huff*, 2 S.W.3d 96, 101 (Ky. 1999). Further, merely because some of the physicians believed that Begley's symptoms were attributable to another condition, the ALJ is not precluded from concluding otherwise when medical evidence, namely Dr. Chavda's report, supports the ALJ's conclusion. We reiterate that when substantial evidence supports the ALJ's decision, "the mere existence of evidence that would have supported a different result is an inadequate basis for reversal on appeal." *McCloud*, 514 S.W.2d 46. This Court has reviewed the full record and holds that substantial evidence supported the ALJ's decision.

## IV. CONCLUSION

Accordingly, and for the foregoing reasons, we affirm the Court of Appeals.

All sitting. All concur.

11

COUNSEL FOR APPELLANT:

Donnie James Niehaus
Michael Kunjoo
Ward, Hocker & Thornton, PLLC


COUNSEL FOR APPELLEE, EARL BEGLEY:

Johnnie L. Turner
Johnnie L. Turner, P.S.C.


COUNSEL FOR APPELLEE, WORKERS' COMPENSATION BOARD:

Michael W. Alvey
Workers' Compensation Board


COUNSEL FOR APPELLEE, HON. R. ROLAND CASE, ADMINISTRATIVE LAW JUDGE:

Honorable Ralph Roland Case
Administrative Law Judge

12