# IMPORTANT NOTICE
## NOT TO BE PUBLISHED OPINION

THIS OPINION IS DESIGNATED "NOT TO BE PUBLISHED." PURSUANT TO THE RULES OF CIVIL PROCEDURE PROMULGATED BY THE SUPREME COURT, CR 76.28(4)(C), THIS OPINION IS NOT TO BE PUBLISHED AND SHALL NOT BE CITED OR USED AS BINDING PRECEDENT IN ANY OTHER CASE IN ANY COURT OF THIS STATE; HOWEVER, UNPUBLISHED KENTUCKY APPELLATE DECISIONS, RENDERED AFTER JANUARY 1, 2003, MAY BE CITED FOR CONSIDERATION BY THE COURT IF THERE IS NO PUBLISHED OPINION THAT WOULD ADEQUATELY ADDRESS THE ISSUE BEFORE THE COURT.  OPINIONS CITED FOR CONSIDERATION BY THE COURT SHALL BE SET OUT AS AN UNPUBLISHED DECISION IN THE FILED DOCUMENT AND A COPY OF THE ENTIRE DECISION SHALL BE TENDERED ALONG WITH THE DOCUMENT TO THE COURT AND ALL PARTIES TO THE ACTION.

RENDERED:  OCTOBER 28, 2021
NOT TO BE PUBLISHED

# Supreme Court of Kentucky

2020-SC-0333-WC

BRENDA HUTCHISON                                                          APPELLANT


V.                                ON APPEAL FROM COURT OF APPEALS
NOS. 2018-CA-1136 AND 2018-CA-1167
WORKERS' COMPENSATION BOARD
NO. WC-14-01437


BULLITT COUNTY BOARD OF EDUCATION;                 APPELLEES
HONORABLE GRANT S. ROARK,
ADMINISTRATIVE LAW JUDGE;
DANIEL CAMERON, KENTUCKY
ATTORNEY GENERAL; AND WORKERS'
COMPENSATION BOARD


**MEMORANDUM OPINION OF THE COURT**

**<u>AFFIRMING</u>**

Brenda Hutchison appeals from the Court of Appeals' opinion affirming in part, reversing in part, and remanding the Workers' Compensation Board ("Board") opinion which affirmed in part, vacated in part, and remanded the Administrative Law Judge's ("ALJ") order on reopening denying increased benefits based on a finding Hutchison had failed to carry the burden of proving a worsening of her condition, and dismissing new claims as not being causally related to the work injury.  Following a careful review, we affirm.

Hutchison was employed by the Bullitt County Board of Education ("Bullitt County") as a teacher. She filed a Form 101 on July 14, 2014, alleging injuries to both hips, both shoulders, left leg, left arm, left knee, left wrist, and a finger. The injuries were alleged to have occurred on three separate instances between November 2012 and January 2014. It was undisputed Hutchison had sustained injuries in a 2007 motor vehicle collision and a 2008 work-related incident. The ALJ ultimately determined only a December 7, 2012, fall causing injuries to her right hip and right shoulder was compensable, dismissing all other claims. Hutchison received benefits based on a 7% whole person impairment rating in the ALJ's June 29, 2015, Opinion, Award and Order.

Hutchison underwent a right rotator cuff repair in November 2015 and a right hip arthroscopy with labral repair in August 2016. She has not returned to work following these procedures but has been released from care by her treating physicians. On June 7, 2016, Hutchison moved to reopen her previous claim, alleging her hip and shoulder symptoms had worsened causing an increase in disability and impairment rating.

Dr. Warren Bilkey performed an independent medical examination ("IME") at Hutchison's request. Dr. Bilkey opined Hutchison suffered a right hip strain and labrum tear and developed a post-surgical residual painful gait. Dr. Bilkey attributed these issues to Hutchison's December 2012 work injury and determined the treatment she received was reasonable, necessary, and causally related to her work injury. He assigned Hutchison a 17% whole

person impairment rating resulting from her conditions which he fully attributed to the December 2012 injury.

Dr. Thomas Loeb performed an IME for Bullitt County, noting Hutchison's subjective complaints were not supported by objective medical findings. Dr. Loeb found no worsening of symptoms, instead noting a marked improvement in Hutchison's condition over time, likely stemming from successful surgical interventions. He assessed a 0% impairment rating for Hutchison's hip based on normal findings, and further assessed a 6% impairment rating for the right shoulder surgery. However, Dr. Loeb concluded any disability attributable to the shoulder was due to preexisting degenerative changes and was causally unrelated to the December 2012 injury.

The ALJ found Dr. Loeb's opinions persuasive and held Hutchison's hip and shoulder conditions had improved since entry of the original Opinion, Award and Order and Hutchison failed to meet her burden of proving her condition had worsened. The ALJ further concluded no evidence existed establishing either surgical procedure was necessitated by the December 2012 injury. Finally, the ALJ determined no increase in benefits was warranted beyond the two multiplier under KRS[1] 342.730(1)(c)(2).

Hutchison appealed the ALJ's findings regarding her failure to prove a worsening of her condition and compensability of her hip surgery. Bullitt County cross-appealed asserting the ALJ failed to state the tier-down

[1] Kentucky Revised Statutes.

provisions contained in the 1994 version of KRS 342.730 were applicable. The Board affirmed the ALJ's finding that Hutchison failed to carry her burden of proving a worsening of her condition but vacated the finding of non-compensability of Hutchison's hip surgery and remanded for further findings on the reasonableness and necessity of the surgery. The Board also instructed the ALJ to utilize the version of KRS 342.730(4) in effect at the time of the amended decision. Both parties petitioned for review in the Court of Appeals.

The Court of Appeals affirmed the Board's decision affirming the ALJ's conclusion Hutchison failed to carry her burden of proof of worsening and the decision vacating and remanding to the ALJ for further findings regarding the reasonableness and necessity of Hutchison's hip surgery. Further, citing this Court's recent decision in *Holcim v. Swinford*, 581 S.W.3d 37 (Ky. 2019), the Court of Appeals reversed and remanded to the ALJ for entry of an award applying the 2018 version of KRS 342.730(4).

Hutchison filed the instant appeal challenging only the decision that she failed to carry her burden of proving her condition had worsened. Hutchison argues the ALJ erred in failing to find Dr. Bilkey's opinions more credible than those of Dr. Loeb. She further contends even if Dr. Loeb's opinions were entitled to more weight, his own impairment measurements compel a conclusion her condition had worsened.

The ALJ as fact finder has the sole authority to judge the weight, credibility, substance, and inferences to be drawn from the evidence. *Paramount Foods, Inc. v. Burkhardt*, 695 S.W.2d 418, 419 (Ky. 1985). In

4

reaching his decision, the ALJ is free to choose to believe or disbelieve parts of the evidence from the total proof, no matter which party offered it. *Caudill v. Maloney's Discount Stores*, 560 S.W.2d 15, 16 (Ky. 1977). It is axiomatic that a claimant bears the burden of proving each of the essential elements of her claim. *Burton v. Foster Wheeler Corp.*, 72 S.W.3d 925, 928 (Ky. 2002). If the party with the burden of proof is unsuccessful before the ALJ, the question on appeal "is whether the evidence was so overwhelming, upon consideration of the entire record, as to have compelled a finding in his favor." *Wolf Creek Collieries v. Crum*, 673 S.W.2d 735, 736 (Ky. App. 1984). The ALJ's decision is "conclusive and binding as to all questions of fact" and the Board "shall not substitute its judgment for that of the [ALJ] as to the weight of evidence on questions of fact[.]" KRS 342.285(1) and (2).

> The function of further review of the [Board] in the Court of Appeals is to correct the Board only where the the [sic] Court perceives the Board has overlooked or misconstrued controlling statutes or precedent, or committed an error in assessing the evidence so flagrant as to cause gross injustice. The function of further review in our Court is to address new or novel questions of statutory construction, or to reconsider precedent when such appears necessary, or to review a question of constitutional magnitude.

*W. Baptist Hosp. v. Kelly*, 827 S.W.2d 685, 687-88 (Ky. 1992).

Here, the ALJ was presented with conflicting expert medical opinions regarding whether Hutchison's condition had worsened. Ultimately, the ALJ found most compelling Dr. Loeb's testimony Hutchison had, in fact, improved over time. Although Hutchison identifies evidence from Dr. Bilkey which could support a contrary conclusion, such evidence can serve as the basis for

5

reversal only when there is a total absence of substantial evidence to affirm the ALJ's decision. *McCloud v. Beth-Elkhorn Corp.*, 514 S.W.2d 46, 47 (Ky. 1974). "[A]n ALJ may pick and choose among conflicting medical opinions and has the sole authority to determine whom to believe." *Copar, Inc. v. Rogers*, 127 S.W.3d 554, 561 (Ky. 2003) (citation omitted).

After review of the record, we are unpersuaded by Hutchison's arguments. She points out evidence favorable to her position and contends the ALJ should have relied on her expert. However, it is not the function of this Court to reweigh the evidence. *Whittaker v. Rowland*, 998 S.W.2d 479, 482 (Ky. 1999). Weighing evidence is solely within the province of the ALJ. *Pruitt v. Bugg Brothers*, 547 S.W.2d 123, 124 (Ky. 1977). The ALJ detailed the evidence presented and determined Dr. Loeb was the most persuasive. We cannot say the evidence was so overwhelming as to require a finding contrary to that of the ALJ. *Crum*, 673 S.W.2d at 736.

Additionally, because Hutchison has raised no question of statutory construction, nor has she requested we reconsider precedent or review any issue of constitutional magnitude, further review is unwarranted. *Kelly*, 827 S.W.2d at 688. Thus, we discern no basis for disturbing the decision of the Court of Appeals and, for the foregoing reasons, that decision is affirmed.

All sitting. All concur.

COUNSEL FOR APPELLANT:

Wayne Charles Daub


COUNSEL FOR APPELLEE, BULLITT COUNTY BOARD OF EDUCATION:

James Gordon Fogle
Fogle Keller Walker, PLLC


COUNSEL FOR APPELLEE, DANIEL CAMERON, KENTUCKY ATTORNEY
GENERAL:

James Robert Carpenter


ADMINISTRATIVE LAW JUDGE:

Hon. Grant S. Roark


WORKERS' COMPENATION BOARD:

Michael Wayne Alvey, Chairman

7